554 A.2d 560

**COMMONWEALTH of Pennsylvania**

**v.**

**Carmelo Morales GRACIANI, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1988.

Filed Feb. 23, 1989.

John R. Gailey, Jr., York, for appellant.

Mark A. Bellavia, Assistant District Attorney, York, for Com., appellee.

Before BECK, KELLY and HESTER, JJ.

KELLY, Judge:

Appellant, Carmelo Morales Graciani, appeals from judgment of sentence imposed following his conviction of possession of cocaine with intent to distribute. Appellant's sole contention on appeal is that the search warrant pursu-

ant to which he was searched and the cocaine was found, was unconstitutional in that it authorized the search of "all persons present" at a private residence without requiring a particularization of the identities of those persons to be searched or the probable cause to suspect criminal activity on the part of those individuals. We find no merit in the contention and affirm judgment of sentence.

## FACTS AND PROCEDURAL HISTORY

On February 10, 1987, pursuant to a lawful warrant based on information supplied by a reliable confidential informant, York City Police conducted a search at 534 Jesop Place in York City, Pennsylvania, seized 33 packets of cocaine, and arrested Ricardo Colon on a charge of possession of cocaine with intent to distribute. Subsequently, the same reliable confidential informant informed the York City police that a woman identified as Ricardo Colon's wife had resumed the cocaine retail operation at that residence.

■ On February 15, 1987, Detective John R. Daryman of the York City Police applied for a warrant to again search the residence at 534 Jesop Place. In his affidavit in support of his warrant request, Detective Daryman indicated the following. His confidential informant had provided reliable information in the past which had led to the conviction of at least eight drug dealers. Information provided by the confidential informant had led to the lawful seizure of 33 packets of cocaine at the residence in question five days earlier. The confidential informant informed the police that within the past three days the confidential informant had personally observed cocaine sales at the residence, conducted by a woman identified as Ricardo Colon's wife. The confidential informant further indicated that the cocaine being sold was kept hidden in the house, and that purchasers who come to the house purchase the cocaine and then secret it on their person before leaving the house.

Based upon those facts, the issuing authority approved a search warrant authorizing the police to search the residence "and all persons present to avoid the destruction or concealment of evidence." At 4:15 p.m. on February 16,

1987, the warrant was executed. There were three adults including appellant at the residence at the time of the search. Upon searching appellant, the police discovered ten packets of cocaine in his left rear pants pocket and fifteen packets of cocaine in his front pockets. (N.T. 5/6/87 at 6–7). Appellant was then placed under arrest.

A pre-trial motion challenging the constitutionality of the search was filed April 24, 1987. Following a hearing on the motion and submission of briefs, the motion to suppress was denied. On September 2, 1987, appellant was convicted in a bench trial of possession of cocaine with intent to distribute. Appellant's post-verdict motions were denied on December 2, 1987. On December 28, 1987, appellant was sentenced to a term of imprisonment in the York County Prison of nine to eighteen months. This timely appeal follows.

On appeal, appellant contends that the authorization to search "all persons present" violated the state and federal proscriptions against unreasonable searches and seizures. Appellant argues that "to permit police to search the persons of all unnamed persons present at premises where evidence of a crime is believed to be concealed would make a mockery of these constitutional safeguards." (Appellant's Brief at 9). He cites in support of this argument, *Commonwealth v. Reece*, 437 Pa. 422, 263 A.2d 463 (1970), *Commonwealth v. Eichelberger*, 352 Pa.Super. 507, 508 A.2d 589 (1986), and *Commonwealth v. Lundy*, 281 Pa.Super. 541, 422 A.2d 601 (1980), *cert. denied* 454 U.S. 825, 102 S.Ct. 114, 70 L.Ed.2d 99 (1981).

The Commonwealth responds that the warrant was constitutional, the cases cited by appellant are distinguishable, and the case is controlled by our recent decision in *Commonwealth v. Heidelberg*, 369 Pa.Super. 398, 535 A.2d 611 (1987). We agree.

Initially, we note that *Commonwealth v. Reece, supra, Commonwealth v. Eichelberger, supra,* and *Commonwealth v. Lundy, supra,* all dealt with warrants which did not involve specific authorization to search "all persons present," and are in that respect materially distinguishable

from the situation presented here. *See Commonwealth v. Heidelberg, supra,* 369 Pa.Superior Ct. at 405 & n. 5, 535 A.2d at 614 & n. 5 (citing similarly distinguishable cases as well). In the instant case, a neutral and detached magistrate specifically authorized a search of "all persons present" at the location when the warrant was executed.

In *Commonwealth v. Heidelberg, supra,* after careful review of the relevant authorities, this Court held that, though generally disfavored, an "all persons present" warrant would be deemed constitutional when the totality of circumstances established a sufficient nexus between the persons to be searched, the location, and the criminal activity suspected. 369 Pa.Superior Ct. at 400–407, 535 A.2d at 612–615; *id.,* 369 Pa.Superior Ct. at 407, 535 A.2d at 615–16 (Beck, J., concurring). In *Heidelberg,* we found a sufficient nexus to justify issuance of an "all persons present" warrant based upon the fact cocaine sales had been observed between the occupant and other persons at the house within twenty-four hours of the application for the warrant, a large quantity of cocaine was believed to be kept at the house, the place to be searched was a private residence, and the crime suspected involved contraband which could easily be hidden on the body. 369 Pa.Superior Ct. at 407, 535 A.2d at 615. We reasoned that the likelihood that anyone present at the time of the execution of the warrant might be involved in the cocaine distribution or be willing to hide evidence of the operation on their person was sufficient to justify issuance of the "all persons present" warrant.

Here, as in *Heidelberg,* the location to be searched was a private residence and the serious crime suspected involved the same easily secreted often deadly contraband. The facts differ, however, in that the sales observed between the occupants and others in *Heidelberg* occurred within *one* day of the warrant application while the sales here were characterized as having been made within *three* days of the warrant application. Additionally, in *Heidelberg* the warrant application *expressly stated* that a large quantity of cocaine was believed to be kept at the house, while in the instant case, that fact *must be inferred* from the state-

ments in the warrant application that a recent search at the same residence had resulted in the seizure of thirty-three packets of cocaine, new sales had been observed at the residence within five days of that search, and the confidential informant had indicated that the cocaine for the sales observed had been kept in the house. We do not find these differences to be material or to require a different result. Moreover, we note that the reliability of the informant's tip here was *greatly enhanced* by the fact of the lawful seizure of a large quantity of cocaine at the same residence five days earlier based upon a tip by the same informant. Hence, we conclude that a sufficient nexus was established to justify authorization of an "all persons present" search warrant in this case.

Finally, we note the following relevant analysis by Justice Larsen:

> Furthermore, in *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) Justice William Rehnquist, writing a dissent for the United States Supreme Court, made a telling point when he stated that *'an absolute bar to a searching persons not named in the warrant would often allow a person to frustrate the search simply by placing the contraband in his pocket.'* *Id.* at 102, 100 S.Ct. at 348. And so too, visitors to the premises could frustrate the efforts of police by placing contraband among their unworn personal effects or by announcing ownership of various articles of clothing and containers in order to place those items beyond the scope of the warrant. *We cannot sanction any rule that through fraud and gamesmanship erects barriers to the effective and legitimate execution of search warrants.*

*Commonwealth v. Reece,* 520 Pa. 29, 34, 549 A.2d 909, 911 (1988). (Emphasis added).

This case presents an excellent example of just such fraud and gamesmanship. Appellant complains that to uphold this search would make a mockery of our constitutions. To the contrary, it is appellant and his fellow drug dealers who attempt to make a mockery of our constitutions by taking the liberties embodied in the Fourth Amendment

632

and Article I, section 8 of the Pennsylvania Constitution and attempting to twist them into a dark fortress from which to ply their deadly trade in societal poisons with impunity.

While we must ensure that legitimate constitutional rights do not become casualties in our society's war on drugs, no rule of constitutional construction requires that we ignore the realities of modern drug distribution systems in determining the reasonableness of the warrant issued in this case. Though it is certainly possible, even probable, that innocent third parties who happen to be at the wrong place at the wrong time may be subjected to searches under such warrants, the nexus between the person to be searched and the nature and seriousness of the criminal conduct suspected on probable cause, nonetheless, renders the *probability* of their culpable participation in the crime suspected sufficient to warrant a search of their person to prevent the destruction or concealment of evidence of the crime suspected.

Here, appellant attempted to hide the evidence of his crime within the privacy of a home, and on the sanctity of his person. Fortunately, the police requested, and the issuing authority was wise enough to grant, the authority necessary to expose this readily anticipatable fraud.

Judgment of sentence is affirmed.