## Commonwealth v. Knepper

*James M. Schall, assistant district attorney,* for the Commonwealth.
*Anthony T. McBeth,* for defendant.

KAYE, *J.,* March 1, 1990 — This case is before the court on the defendant's omnibus pretrial motion to suppress evidence and statement. Troy James Knepper is charged with possession of a controlled substance, cocaine. The criminal charge resulted from a search of his person by Pennsylvania State Police officers on October 12, 1989 and from a statement which defendant made to the police officers at the time of the search.

At his arraignment, defendant pled not guilty to the criminal charge. Defendant filed an omnibus pretrial motion seeking suppression of both the controlled substance found during the search and his statement to the police. A hearing on the motion was held on January 23, 1990, and the court ordered memoranda of law to be submitted by defendant and by the Commonwealth. We have received and reviewed both memoranda, and the matter is ready for disposition.

## FACTS

On October 12, 1989, District Justice Brenda M. Knepper issued a search warrant after finding probable cause based on an affidavit of State Police Corporal John D. Zechman. In his affidavit, Corporal Zechman stated the following:

"(1) Within 48 hours of February 16, 1989, a controlled drug purchase of marijuana was made from Larry Lanehart at his residence.

"(2) Within 48 hours of October 10, 1989, a controlled drug purchase of cocaine was made from Larry Lanehart at his residence.

"(3) Four reliable informants have provided information that Larry Lanehart was dealing in drugs from his mobile home.

"(4) In his 20 years of experience as a narcotics investigator, Corporal Zechman has observed that persons who deal drugs out of their residences have numerous persons entering and exiting the residences for the purpose of purchasing drugs, and these persons will keep drugs on their persons."

The search warrant which was issued authorized the search of "the person of Larry Robert Lanehart, the person of anyone in the residence or on the property . . . to be searched."

At approximately 2125 hours (9:25 p.m.) on October 12, 1989, State Police officers entered the mobile home of Larry Robert Lanehart to conduct a search pursuant to a search warrant issued by the district justice. Defendant was among the persons found to be inside the residence. Defendant was searched by Corporal Zechman and a small bag which was alleged to contain 0.15 grams of cocaine was found on defendant's person. When asked by Corporal Zechman whether the cocaine was his, defendant allegedly replied that it was. Thereafter, defendant was arrested on a possession of cocaine charge.

## DISCUSSION

Defendant challenges the validity of the search warrant, and therefore, the legality of the search which was conducted pursuant to the warrant. In particular, defendant challenges the validity of the "all persons present" search warrant in this case which allowed the police to search defendant.

When evaluating whether this is probable cause for the issuance of a search warrant, the magistrate must look at the totality of the circumstances in making the decision. The affidavit should be viewed and interpreted in a common-sense and realistic manner. *Commonwealth v. Baker,* 513 Pa. 23, 518 A.2d 802 (1986).

A magistrate must have the information sufficient to persuade a reasonable person that probable cause for a search does exist before a valid search warrant can be issued. When the magistrate is furnished with information which would cause a reasonable person to believe that a crime is being or about to be committed, a search warrant can be issued. *Baker, supra.*

Defendant maintains that the allegation that a controlled drug purchase took place on February 16, 1989 is too remote in time to supply the necessary probable cause. We agree with defendant that standing alone the single controlled buy which occurred eight months prior to the search does not supply the necessary probable cause for the issuance of the warrant. However, add to that, the fact that a controlled purchase was made within four days of the search, and that four reliable informants provided information that Larry Lanehart was dealing drugs from his residence, a reasonable person would be easily persuaded that a crime was being committed there. When we look at the totality of the circumstances, we find that the district justice was presented with sufficient information that a crime was being committed at the Lanehart residence.

Defendant further contends that the "person of anyone in the residence" provision or the "all persons present" provision of the search warrant was not proper under the facts of this case.

The United States Supreme Court has not considered the validity of an "all persons present" search warrant like the one issued in this case. However, the Pennsylvania Superior Court announced its adoption of a test "which analyze[s] each such warrant individually in order to determine whether an 'all persons present' warrant was justified under the particular circumstances present when the warrant issued." *Commonwealth v. Heidelberg,* 369 Pa. Super. 398, 401, 535 A.2d 611, 612 (1987), aff'd sub nom. *Commonwealth v. Gilliam,* 522 Pa. 138, 560 A.2d 140 (1989). This test is commonly known as the "surrounding circumstances" test.

In *Heidelberg,* the affidavit of probable cause listed:

" '(1) observation of a significant amount of cocaine available for sale at the residence within 24 hours of issuance of warrant;

" '(2) observations by three informants of drug sales at the residence with no specific time reference;

" '(3) private residence to be searched; and

" '(4) contraband which can be easily hidden on the body.' " *Commonwealth v. Heidelberg,* 369 Pa. Super. at 407, 535 A.2d at 615.

The Superior Court found that the search warrant was properly issued, and the search, conducted at 12:45 a.m., was legal.

A subsequent Superior Court case applied the "surrounding circumstances" test adopted in *Heidelberg* and upheld the issuance of a search warrant. In *Commonwealth v. Graciani,* 381 Pa. Super. 262, 554 A.2d 560 (1989), the warrant was issued on an affidavit which stated:

" '(1) The informant had provided reliable information in the past including information which led to the lawful seizure of 33 packets of cocaine at the same residence 5 days earlier.

" '(2) The informant observed cocaine sales at the same residence within the past 3 days of the affidavit.

" '(3) Cocaine which was sold was kept hidden in the house.

" '(4) Buyers who purchased the cocaine at the house hid it on their person before leaving the house.' "

The search, which was conducted at 4:15 p.m., was found to be legal by the court. The court in *Graciani,* citing *Heidelberg, supra,* stated "though generally disfavored, an 'all persons present' warrant would be deemed constitutional when the total-

ity of circumstances established a sufficient nexus between the persons to be searched, the location, and the criminal activity suspected." *Commonwealth v. Graciani,* 381 Pa. Super. at 630, 554 A.2d at 561.

In the case at bar, the affidavit of probable cause states that a controlled purchase of cocaine took place within 48 hours of October 10, 1989, that a controlled purchase of marijuana occurred in February 1989, and that four other informants provided information that Larry Lanehart was dealing controlled substances from his residence.

As in *Heidelberg* and *Graciani* the alleged drug activity was taking place in a private residence which is where the search was conducted. The controlled substance could be easily concealed on a persons' body. The warrant was issued on October 12, 1989 after a controlled drug purchase was made within 48 hours of October 10, 1989, which includes the dates of October 8 through October 12, 1989.

Defendant finds significant the fact that the quantity of drugs obtained in the controlled drug purchases which occurred between October 8, 1989 and October 12, 1989, was not stated in the affidavit of probable cause. In *Heidelberg,* the court found the fact that a large quantity of drugs was observed at the house supported the probability that illegal sales of drugs were taking place there. In the case at bar, the controlled drug purchase itself supports the contention that illegal drug sales were taking place in the Lanehart residence. A statement as to the quantity of drugs present is not so important as it was in *Heidelberg* where there was no controlled drug purchase.

A showing that an illegal activity is occurring at a particular location does not, of itself, justify the

issuance of an "all persons present" search warrant. For example, the fact that a waiter is dealing narcotics in a restaurant does not justify a search of all the patrons in the restaurant because there would be no probable cause that everyone present was involved in the illegal activity. However, where the place of the illegal activity is limited in its access to people, such as a private residence, it is much more likely that those present are participants in the illegal activity. This type of setting makes it reasonable to believe that anyone present is a probable participant.

Based on the affidavit of probable cause in the case at bar that there were illegal drug sales occurring in the Lanehart residence, it is probable that anyone entering was doing so to purchase drugs. We believe that the nexus between the persons to be searched, the location where the activity was taking place, and the criminal activity suspected, was sufficient for the issuance of an "all persons present" search warrant in this case.

## ORDER OF COURT

Now, March 1, 1990, after hearing and upon consideration of the memoranda submitted by the Commonwealth and by defendant, defendant's omnibus pretrial motion in the nature of a motion to suppress evidence is denied.

This order, the opinion attached hereto, and the omnibus pretrial motion shall be impounded by the Clerk of Courts until the happening of the first of either of the following: (1) imposition of judgment of sentence following a plea of guilty or nolo contendere; or (2) entry of a verdict on the above charge.