STATE of Wisconsin, Plaintiff-Respondent,

v.

Derrick L. JETER, Defendant-Appellant.†

Court of Appeals

*No. 90–1079–CR. Submitted on briefs October 5, 1990.—Decided January 16, 1991.*

(Also reported in 466 N.W.2d 211.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Hans P. Koesser* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lennie A. Weber,* district attorney, and *Margaret J. Borkin,* assistant district attorney.

Before Nettesheim, P.J., Scott and Anderson, JJ.[1]

SCOTT, J.    Derrick Jeter appeals a judgment convicting him of possessing a controlled substance as a habitual offender. He contends the cocaine found on his person was discovered pursuant to an illegal search. We disagree and affirm.

A no-knock search warrant was executed at a residence in Racine. The affidavit in support of the warrant stated that an informant had witnessed a black male selling cocaine from that address within the past seventy-two hours. It also stated that two searches had been executed at the same address within the past three weeks, yielding cocaine, marijuana, drug-packaging materials, a gun and nearly $3,000 in cash, and that "persons frequenting the residence have shown a tendency toward acts of violence."

Jeter, a black male and one of eighteen people in the house at the time of the search, was sitting in the first-floor living room when the police entered. He made no

---

[1]Originally a one-judge appeal, this case was assigned to a three-judge panel upon this court's own motion. *See* Rule 809.41, Stats.

attempt to flee. An officer patted Jeter down, then searched him for contraband by reaching inside his clothes. Three small packets, or "bindles," of cocaine were found in Jeter's sweatshirt pocket.

Jeter was arraigned on the misdemeanor charge of possession of a controlled substance. Asserting that the cocaine found on his person was discovered incident to an unconstitutional search, Jeter moved to suppress the evidence. The motion was denied and he was convicted upon a plea of no contest.

On appeal, Jeter reasserts his earlier challenge to the admission of the evidence. He argues that a valid search warrant which specifically authorizes the search of a house and the seizure of cocaine and related paraphernalia does not implicitly carry with it the right to search any individual who happens to be present in the house at the time of the search for weapons or contraband.[2] We disagree. We conclude that, on these facts, the

---

[2]The search warrant stated in relevant part:

WHEREAS, RANDAL E. KUZIA has this day complained in the attached sworn affidavit which is incorporated by reference that on the 9th day of NOVEMBER 1988 in or on the body, property or premises of 1101 IRVING PLACE, located in Racine County, Wisconsin, there is or are located certain person(s) or property which constitute evidence of, or were concerned in the commission of, the crime of POSSESSION OF CONTROLLED SUBSTANCES, contrary to WISCONSIN STATUTES, section 161.41 and SPECIFICALLY, the body, property or premises sought to be searched can be described as follows: 1101 IRVING PLACE, a ONE-FAMILY, ONE STORY DWELLING of WOOD CONSTRUCTION, GRAY in COLOR and SPECIFICALLY, the property to be seized can be described as follows: COCAINE AND RELATED PARAPHERNALIA and, the above named affiant having prayed that a "NO KNOCK" search warrant be issued.

NOW, THEREFORE, in the name of the STATE OF WISCONSIN, you are commanded within a reasonable time . . . to search the above named person(s) or place(s) for the above named person(s) or property, and if the same or any portion thereof is

search was reasonable, and therefore statutorily and constitutionally permissible.

■■

Section 968.16, Stats., governs the detention and search of persons on premises being searched. It provides:

> The person executing the search warrant may *reasonably* detain and search any person on the premises at the time to protect himself from attack or to prevent the disposal or concealment of any item particularly described in the search warrant.

*Id.* (emphasis added). Statutory interpretation is a question of law meriting *de novo* review. *State v. Reed,* 156 Wis. 2d 546, 550, 457 N.W.2d 494, 496 (Ct. App. 1990). Where, as here, the statutory language is unambiguous, we give the words their obvious and ordinary meaning. *Id.* at 550-51, 457 N.W.2d at 496.

■

The warrant and its supporting affidavit referenced cocaine and cocaine-related paraphernalia. The affidavit additionally demonstrated probable cause that persons who frequented the house tended toward violence. Jeter concedes the validity of the search of the dwelling. Under sec. 968.16, Stats., therefore, the search of Jeter was lawful because it was pursuant to a valid warrant; while intrusive—like any search—it was minimally so; and it was *reasonably* necessary to assure the officers' safety and to prevent the disposal or concealment of contraband. *See id.* We conclude the application of the statute to these facts does not offend the constitutional

---

found, to bring the same and the person in whose possession the same are found before this court to be dealt with according to law . . ..

337

prohibitions against unreasonable searches and seizures addressed in *Ybarra v. Illinois,* 444 U.S. 85 (1979).

Reasonableness is the hallmark of a valid search. *See State v. Wilks,* 121 Wis. 2d 93, 100, 358 N.W.2d 273, 277 (1984), *cert. denied,* 471 U.S. 1067 (1985). We determine the reasonableness of a search by looking at the particular facts and circumstances, *State v. Goodrum,* 152 Wis. 2d 540, 545–46, 449 N.W.2d 41, 44 (Ct. App. 1989), and by balancing the need for the search against the invasion entailed. *Reed,* 156 Wis. 2d at 551, 457 N.W.2d at 496. Where, as here, the historical facts are undisputed, the reasonableness of the search is a question of law. *See Goodrum,* 152 Wis. 2d at 546, 449 N.W.2d at 44. Because the fourth amendment's proscriptions against unreasonable searches are virtually identical to those in art. I, sec. 11, of the Wisconsin Constitution, the law of search and seizure under our state law conforms to that developed under federal law. *Reed,* 156 Wis. 2d at 551, 457 N.W.2d at 496.

Citing *Ybarra,* Jeter asserts that it is impermissible to conduct "evidence searches of persons who, at the commencement of the search, are on 'compact' premises subject to a search warrant" but who are not named or described in the warrant even where "the police have a 'reasonable belief' that such persons 'are connected with' drug trafficking and 'may be concealing or carrying away the contraband.' " *Ybarra,* 444 U.S. at 94.

Jeter may be correct—under facts more similar to those presented in *Ybarra.* There, police obtained a warrant to search a public tavern and a single, named employee for drugs. Upon their arrival, the police frisked the various patrons, of whom Ybarra was one, for weapons. One officer came back to Ybarra and searched him, having felt in Ybarra's pocket what proved to be a ciga-

rette package containing heroin. Despite a statute similar to sec. 968.16, Stats., the Court found that search unreasonable because "a person's mere propinquity to others independently suspected of criminal activity does not, *without more,* give rise to probable cause to search that person." *Id.* at 91 (emphasis added).

Here there is more. The warrant authorized the search of 1101 Irving Place because:

> [I]n or on the . . . premises of 1101 IRVING PLACE . . . *there is or are located certain person(s)* or property which constitute evidence of, or were *concerned in the commission* of, the crime of POSSESSION OF CONTROLLED SUBSTANCES. [Emphasis added.]

In *Ybarra,* by contrast, the warrant specifically named only "Greg" the bartender as the object of a search for "evidence of the offense of possession of a controlled substance." *Id.* at 88.

Furthermore, as far as the police knew, Ybarra was merely a happenstance patron in a public establishment from which numerous people might freely come and go. Jeter, however, was a visitor in a private dwelling to which the general public does not have unrestricted access. As the trial court noted:

> [I]t is a relevant distinction that this was a home, a private residence versus a public tavern or some other area where individuals can come in and out without permission. Certainly in a residence individuals need . . . some consent to enter upon the premises, and individuals there are there with the consent presumably of the owners or the occupants of the premises.

Notably, the United States Supreme Court expressly did *not* find impermissible a search in circumstances like those before us. While it did recognize that, as a rule, " 'open-ended' or 'general' warrants are consti-

tutionally prohibited," *id.* at 92 n.4, the Court at the same time carefully limited its decision:

> [W]e need not consider situations where the warrant itself authorizes the search of unnamed persons in a place and is supported by probable cause to believe that persons who will be in the place at the time of the search will be in possession of illegal drugs.

*Id.* Thus, the scenario purposely left unaddressed by the Court is precisely the one we confront: the issued warrant authorized the search of unnamed persons at 1101 Irving Place and was supported by probable cause to believe that such persons would be at that address at the time of the search and would be in possession of illegal drugs.

The trial court concluded the search of Jeter was reasonable based on the totality of the circumstances: the two recent fruitful searches of the residence; the allegations of cocaine sales underpinning the current warrant; the fact that the target premise was a residence; and, finally, the fact that:

> [t]he type of activity that was alleged to be conducted from the premises is the sale of cocaine . . .. For every sale there's a purchaser, so I think it is legitimate evidence and a legitimate function of the police who are executing a warrant to obtain evidence or attempt to obtain evidence for possession and/or sale of cocaine to search individuals on the premises, not only for weapons but also for evidence that a purchase has occurred . . .. So I see nothing unreasonable with the search of Mr. Jeter under those circumstances.

██
We, too, conclude the search was reasonable. Crucial to our determination are the particular facts of this case.

*See Goodrum,* 152 Wis. 2d at 545-46, 449 N.W.2d at 44. The address searched was not a public place. As the site of recent police raids, the dwelling may not have been merely a "residence," either. The searches in the past month yielded weapons, drugs, drug-related paraphernalia and significant amounts of cash. A reasonable inference is that it was a drug house. The very nature of that type of operation reasonably draws under suspicion any individuals on the premises. We are not faced here with a question of relaxing the particularity requirement of warrants as it applies to any identifiable persons known to be on the premises. On the contrary, it would have been difficult—perhaps impossible—to predict with accuracy precisely who might be at 1101 Irving Place at any given time. *See Commonwealth v. Smith,* 348 N.E.2d 101, 106 (Mass.), *cert. denied,* 429 U.S. 944 (1976). While this warrant might have been more artfully drafted, we conclude that it was sufficiently exact to pass constitutional muster.

   *By the Court.*—Judgment affirmed.