STATE of Wisconsin, Plaintiff-Respondent,

v.

Nakia N. HAYES, Defendant-Appellant.†

Court of Appeals

*No. 94–3040–CR. Submitted on briefs July 28, 1995.—Decided September 6, 1995.*

(Also reported in 540 N.W.2d 1.)

†Petition to review denied.

755

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William E. Schmaal*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Marguerite M. Moeller*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   This case concerns the validity of a search warrant which authorized not only a search of the designated premises, but also "all occupants" found at the premises at the time of the search. The appellant, Nakia N. Hayes, was on the premises when the police executed the search warrant. Pursuant to the authority of the warrant, Hayes was searched. The police discovered cocaine on his person. The trial court rejected Hayes's challenge to the search warrant. Hayes was convicted of possession of a controlled substance with intent to deliver within 1000 feet of a school pursuant to §§ 161.41(1m) and 161.49(1), STATS. We reject Hayes's appellate challenge to the trial court's ruling denying the motion to suppress the evidence. We affirm the judgment of conviction and the postconviction order confirming the trial court's earlier ruling.

The facts are not disputed. On June 23, 1993, Investigator David R. Boldus of the Racine Police Department applied to Racine County Circuit Judge

758

Nancy E. Wheeler for a search warrant authorizing the search of apartment no. 6 and "all occupants" located at 211/213 Howland Avenue in the City of Racine.

Boldus supplied his affidavit in support of the search warrant. Although more detailed, we summarize the relevant parts. Boldus stated that he had that same day interviewed an adult male who reported that two days earlier he had traded some electronic equipment and his automobile to Nicolas Stuckey for "6 rocks" of crack cocaine and a large bag of individual rocks of cocaine. The informant believed that the bag contained "20 to 40 rocks." The informant stated that he had obtained the cocaine from a female named "Franie" at apartment no. 6 at 211 Howland Avenue where Franie lived with Stuckey. During these transactions, the informant observed two plastic baggies containing rock cocaine. The informant knew the material to be cocaine because he had used cocaine in the past. The police determined that "Franie" was Frances Gatzow.

The same day, Boldus interviewed Gatzow at the police department. Gatzow confirmed that she lived at 211 Howland Avenue. When Boldus questioned her about possible drug-related activity, Gatzow asked for an attorney. Stuckey was also present at the police department during this interview.[1]

Boldus had been employed by the Racine Police Department since March 1975. Based on this experience, Boldus stated that the execution of a controlled substance search warrant often reveals the presence of persons other than the residents on the premises and that such persons "include but are not limited to, persons helping with the sales of controlled substances,

---

[1] However, the affidavit is unclear whether Stuckey was physically present at Boldus's interview of Gatzow.

potential drug buyers, and drug users, and . . . that it is common to find controlled substances and drug related paraphernalia on these persons."

Based on Boldus's affidavit, Judge Wheeler issued the search warrant authorizing the search of the premises including "all occupants." At the time Boldus applied for the search warrant, Stuckey and Gatzow were in police custody, although Boldus's affidavit did not expressly so state.

That same day, Boldus executed the search warrant. Upon entering the apartment, Boldus found Hayes and two small, infant children. Boldus immediately handcuffed Hayes and then searched him. Boldus discovered two plastic baggies in Hayes's pants pocket. This material later proved to be cocaine base.

The State charged Hayes with possession of a controlled substance with intent to deliver. The case was assigned to the Honorable Dennis J. Flynn. Hayes moved to suppress the evidence. Judge Flynn rejected Hayes's motion on two grounds: (1) the "all occupants" provision in the warrant authorized the search, and (2) Boldus was entitled to search Hayes for weapons out of concern for his own safety. Following this ruling, Hayes entered a plea of no contest to the charge and he was convicted and sentenced. He appeals. We will recite additional facts as the discussion requires.

## DISCUSSION

Hayes concedes that probable cause existed to authorize the search of the premises. He contends, however, that probable cause did not exist to authorize the search of all occupants found on the premises.

Our role (and Judge Flynn's) in reviewing this question is to ensure that Judge Wheeler had a sub-

stantial basis for concluding that probable cause existed to extend the warrant to "all occupants." *See State v. Kerr*, 181 Wis. 2d 372, 378, 511 N.W.2d 586, 588 (1994), *cert. denied,* 515 U.S. —, 115 S. Ct. 2245 (1995). This requires that the facts submitted in support of the warrant "excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that they will be found in the place to be searched." *Id.* (quoted source omitted). The evidence necessary to establish probable cause is less than that required to support a bindover following a preliminary examination. *Id.* at 379, 511 N.W.2d at 588. Probable cause is not a technical, legalistic concept but a flexible, commonsense measure of the plausibility of particular conclusions about human behavior. *Id.* Stated otherwise, probable cause represents a "practical commonsense decision . . . [that] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983), *quoted in State v. Anderson*, 138 Wis. 2d 451, 468, 406 N.W.2d 398, 406 (1987).

A trial or appellate court's review of a probable cause determination is required to give "great deference" to the judicial entity which made that original determination. *Anderson*, 138 Wis. 2d at 469, 406 N.W.2d at 407. This deferential standard of review is "appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Kerr*, 181 Wis. 2d at 379, 511 N.W.2d at 589 (quoted source omitted). However, we do not uphold a probable cause determination if the affidavit provides nothing more than the legal conclusions of the affiant. *Id.* at 378, 511 N.W.2d at 588.

761

We are satisfied that Boldus's affidavit states far more than mere legal conclusions in support of the "all occupants" provision of the warrant. Instead, the affidavit recites that, based on Boldus's substantial years of experience, it is "common" to find other persons on the premises who are also involved in drug activity. This experience has also shown that it is "common to find controlled substances and drug related paraphernalia on these persons." These are not legal conclusions or observations. Rather, they are factual assertions based on substantial police experience.

Reviewed from a nontechnical and nonlegalistic perspective, we conclude that Boldus's statements would prompt an honest belief in a reasonable mind that persons on the premises would likely have controlled substances or drug-related paraphernalia on their persons.

Hayes argues, however, that the informant's information was lacking in corroboration or fundamentals. However, the informant's statement that Gatzow and Stuckey lived at 211 Howland Avenue was confirmed by Gatzow's earlier statement to Boldus. In addition, the police had obtained the title to the informant's vehicle which had been signed over to Stuckey. This title showed Stuckey's name and the 211 Howland Avenue address. Moreover, Gatzow's request for an attorney when her interview with Boldus turned to the matter of drugs raised a reasonable suspicion that she might well be involved in such activity.

Hayes also argues that because Boldus's affidavit reveals only the drug transactions between the informant, Gatzow and Stuckey, it does not demonstrate

probable cause to believe that other transactions might occur involving other persons. We disagree. The transaction between the informant, Gatzow and Stuckey was a business deal involving drugs in exchange for electronic equipment and an automobile. This would suggest no small transaction. Instead, it reasonably suggests that Stuckey and Gatzow were dealers, creating the equally reasonable probability for further similar activity.

Next, Hayes argues that innocent persons could become caught up in the "all occupants" provisions of the search warrant. This obviously is true. But it does not necessarily invalidate the warrant. The test is not whether innocent persons might be present on the premises, but rather whether the presence of likely guilty persons is demonstrated to a reasonable probability. *See Anderson*, 138 Wis. 2d at 468, 406 N.W.2d at 406. As we have already demonstrated, that test is satisfied in this case.

We agree with the State's quote from the Pennsylvania Superior Court in *Commonwealth v. Graciani*, 554 A.2d 560 (Pa. Super. Ct. 1989), on this point:

> Though it is certainly possible, even probable, that innocent third parties who happen to be at the wrong place at the wrong time may be subject to searches under such warrants [i.e., "all persons present" warrants], the nexus between the person to be searched and the nature and seriousness of the criminal conduct suspected on probable cause, nonetheless, renders the *probability* of their culpable participation in the crime suspected sufficient to warrant a search of their person to prevent the

763

destruction or concealment of evidence of the crime suspected.

*Id.* at 562-63 (emphasis added).

As a final argument on this issue, Hayes contends that Boldus's affidavit does not sufficiently detail his experience to support the statement that other persons on the suspect premises are often found in the possession of controlled substances or drug-related paraphernalia. However, Boldus's experience covered eighteen years with the Racine Police Department. Based on this experience, which included prior executions of controlled substance search warrants, Boldus recited that such events commonly produce not only other persons connected with drug activity, but weapons and gang-related activity.

Hayes's reading of the Boldus affidavit is hypertechnical and hyperlegalistic. It is not a common-sense reading of the affidavit which the law requires. Boldus's statements, and the fair inferences drawn therefrom, reveal to a reasonable person that Boldus is a police officer with substantial experience in the matter of controlled substance search warrant execution and that his observations are based on that experience.

Although this case is not on all fours with *State v. Jeter*, 160 Wis. 2d 333, 466 N.W.2d 211 (Ct. App.), *cert. denied*, 502 U.S. 873 (1991), it is supported by the rationale of that case. In *Jeter*, a no-knock search warrant authorized the search of a specific residence and unnamed persons found therein. *Id.* at 339, 466 N.W.2d at 214. Jeter, a visitor at the time of the execution of the warrant, was caught up in the search which revealed cocaine on his person. *Id.* Relying on those portions of the affidavit which referenced prior cocaine dealings and cocaine-related paraphernalia at the

premises to be searched, the court of appeals held that the warrant and search of Jeter was valid. *Id.* at 337-40, 466 N.W.2d at 213-15.

While here there is only one instance of a prior deal, whereas in *Jeter* there was evidence of at least two prior transactions, *see id.* at 340, 466 N.W.2d at 214, this difference does not mandate a different result. As we have already explained, the nature of the prior transaction in this case suggested that Stuckey and Gatzow were dealers and that the transaction involving the informant was not an isolated event. The *Jeter* court aptly echoed the trial court's observation in that case that "[f]or every sale there's a purchaser." *Id.* at 340, 466 N.W.2d at 214-15. That same thinking applies here where the affidavit shows the likelihood of further dealing on the premises. Upon such circumstances, the inclusion of an "all occupants" search warrant is appropriate.

We also reject Hayes's contention that this case is more akin to *Ybarra v. Illinois*, 444 U.S. 85 (1979). There, the police obtained a warrant to search a public tavern and a single, named employee for drugs. When executing the warrant, the police searched various patrons in the tavern, including Ybarra. *Id.* at 88. The search revealed heroin on Ybarra's person. *Id.* at 89. The United States Supreme Court struck down the search, holding that "a person's mere propinquity to others independently suspected of criminal activity does not, *without more*, give rise to probable cause to search that person." *Id.* at 91 (emphasis added).

We disagree that this is a *Ybarra* case, and we distinguish *Ybarra* on the same basis as did the *Jeter*

765

court. The situs of the search here was a private residence, not a public place. *See Jeter*, 160 Wis. 2d at 339, 466 N.W.2d at 214. The warrant here authorized the search of "all occupants," whereas the *Ybarra* warrant authorized the search of only a named, specific person. *See Jeter*, 160 Wis. 2d at 339, 466 N.W.2d at 214. Finally, *Ybarra* specifically and carefully limited its decision so as not to address the situation here:

> [W]e need not consider situations where the warrant itself authorizes the search of unnamed persons in a place and is supported by probable cause to believe that persons who will be in the place at the time of the search will be in possession of illegal drugs.

*Ybarra*, 444 U.S. at 92 n.4, *quoted in Jeter*, 160 Wis. 2d at 339-40, 466 N.W.2d at 214.

We uphold the trial court's ruling refusing to suppress the evidence discovered on Hayes's person.

As his next issue, Hayes contends that Boldus's affidavit recklessly or intentionally omitted the information that Gatzow and Stuckey were already in custody at the time Boldus applied for the search warrant.[2] Hayes reasons that this omitted information extinguishes any probable cause that might otherwise have existed.

We disagree. The mere fact that Gatzow and Stuckey were absent from the premises would not eliminate the reasonable probability that contraband

_____

[2] We question whether Boldus's omission of this express fact can be labelled reckless or intentional given that the affidavit does reveal that Gatzow was questioned at the police department while Stuckey was also present. In any event, as the ensuing discussion reveals, the lack of this information did not affect the existence of probable cause.

would be found on the premises. Hayes seems to reason that Gatzow and Stuckey would have carried their contraband with them whenever they left their residence. This is not a logical argument. To the contrary, it would seem that the contraband would be more secure (or at least as secure) at the residence rather than in the possession of Gatzow and Stuckey as they went about their daily travels. In short, the search warrant would have been issued as readily with this information as without.[3]

*By the Court.*—Judgment and order affirmed.

---

[3] Because we uphold the search warrant on probable cause grounds, we need not address the trial court's ruling that the search of Hayes was further justified as a safety search for weapons.