## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT NASHVILLE

**FEBRUARY SESSION, 2000**

**FILED**

March 9, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | |
| | * | No. M1999-00246-CCA-R3-CD |
| **Appellee,** | * | |
| | * | **DAVIDSON COUNTY** |
| **vs.** | * | |
| | * | **Hon. Seth Norman, Judge** |
| **SAMANTHA HEARD,** | * | |
| | * | **(Sale of Cocaine in excess of** |
| **Appellant.** | * | **.5 grams)** |

<u>For the Appellant</u>:

**Niles S. Nimmo**
Realtors Building, Suite 200
306 Gay Street
Nashville, TN 37201

<u>For the Appellee</u>:

**Paul G. Summers**
Attorney General and Reporter

**Marvin E. Clements, Jr.**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Victor S. (Torry) Johnson III**
District Attorney General

**Charles A. Carpenter**
Asst. District Attorney General
Washington Square, Suite 500
222-2nd Avenue, N.
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

**OPINION**

The appellant, Samantha Heard, appeals from a judgment of conviction entered by the Davidson County Criminal Court. The appellant pled guilty to one count of sale of cocaine in excess of .5 grams, a class B felony. As a condition of the plea agreement, the appellant reserved the right to appeal, as a certified question of law, the trial court's denial of her motion to suppress.[1] See Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b). Specifically, she asserts that the facts alleged in the affidavit of the search warrant are insufficient to support a finding of probable cause for the search of her person.

After review of the record, we affirm the trial court's denial of the motion to suppress and affirm the judgment of conviction.

**Background**

On January 21, 1998, undercover Metro police arranged a "controlled buy" of crack cocaine from a Darryl Dillard. The cocaine was obtained from a residence located at 1413 A Lischey Avenue in Nashville. Officers learned that the electric service at the address was in the name of Samantha Heard. On January 23rd, a search warrant was issued ". . . to make an immediate search on the person or premises of an unknown female black possibly Samantha Heard, and in the premises used and occupied by them located and described as follows: A brownish red brick duplex located at 1413 A Lischey Ave. . . ." On January 26th, Metro officers arranged a second cocaine purchase from Dillard near the 1413 A Lischey address.

---

[1]The appellant was charged by indictment with two counts of the sale of cocaine in excess of .5 grams, one count of possession of cocaine less than .5 grams, and one count of possession of firearms. Pursuant to the negotiated plea agreement, the court imposed an eight year suspended sentence and placed the appellant on probation for eight years. All other counts were "retired" upon forfeiture of the firearms.

Immediately following the drug exchange, officers arrested Dillard and executed the search warrant at 1413 A Lischey Ave.

During execution of the warrant, officers discovered "four adults and a three year old child in the residence." Only one adult was a black female; this occupant identified herself as Samantha Heard. During a search of the appellant's person, officers discovered, in her pocket, $80.00 of the $120.00 of marked money from the immediate drug transaction with Dillard.

The affidavit of Metro Police Officer Christine Estrada supporting issuance of the January 23rd search warrant alleged, in pertinent part:

> . . . the undersigned Officer Christine Estrada makes oath in due form of law that there is probable and reasonable cause to believe that unknown femle (sic) black possibly Samantha Heard, is/are now in possession of certain evidence of a crime . . .
> . . .
>
> The affiant further testifies that the said evidence is now located and may be found in possession of said persons or on said premises located in Davidson County, Tennessee, and more particularly described as follows: A brownish red brick duplex located at 1413 A Lishey Ave.
>
> This affidavit is made by Officer Christine Estrada . . . and is as follows:
>
> On 01/21/98 [Officer Estrada] acting in a [sic] undercover capacity was able to contact Darryl Lamont Dillard[2] and made arrangement [sic] to purchase 1/8 ounce of crack cocaine for $120.00 dollars. [Officer Estrada] was instructed by Darryl Lamont Dillard to come to the rear of 1229 Lischey Ave. and pick Dillard up, that he would be standing in the doorway and then from there he would take [Officer Estrada] to make the purchase. [Officer Estrada] obtained $120.00 from vice funds to make the purchase and had a photo-copy of this made for identification at a later time. Sgt. Melvin Brown and [Officer Estrada] drove to 1229 Lischey Ave. and pulled to the rear which is a fenced back yard and observed Darryl Lamont Dillard standing in the doorway. Darryl Lamont Dillard came to [their] vehicle and got into the passenger [sic] side and then instructed Sgt. Melvin Brown and [Officer Estrada] where to drive him to. Darryl Lamont Dillard was given the $120.00 to make the purchase then let out of the vehicle at the intersection of Lischey Ave. and Marie St. and observed walking into the residence at 1413 A Lischey Ave. by Officer Ernie Cecil. Darryl Lamont Dillard stayed inside only a few moments and then

---

[2]Dillard was charged as a co-defendant.

3

exited the duplex and walked back to the intersection of Lischey Ave. and Marie St. where he was picked up by [Officer Estrada] and Sgt. Melvin Brown. Darryl Lamont Dillard handed [Officer Estrada] approx. four pieces of tan rock like substance which resembled crack cocaine. Darryl Lamont Dillard was returned to the area of 1229 Lischey Ave. and let out. The substance he handed [Officer Estrada] was later field tested and gave a positive reaction to cocaine. [Officer Estrada's] check of NES showed the address of 1413 A Lischey has the electricity bill in the name of Samantha Heard.

The relevant portion of the search warrant provided:

YOU ARE THEREFORE COMMANDED to make an immediate search on the person or premises of unknown female black possibly Samantha Heard, and in the premises used and occupied by them located and described as follows: a brownish red brick duplex located at 1413 A Lischey. . . .

The trial court entered a written opinion addressing the appellant's motion to suppress. In its written findings denying the motion, the trial court found that the officers observed a drug sale at 1413A Lischey Avenue. Although they did not personally witness those involved in the drug transaction, "the officers determined the name of the registered occupant of the premises" and requested that the resident be included in the search warrant. Based on these facts, the trial court concluded that probable cause existed supporting the issuance of the warrant.

**Analysis**

The appellant contends that the proceeds, *i.e.*, the $80 cash, of the search of her person should have been suppressed as the "fruit" of an unlawful search. Although the appellant concedes "the factual sufficiency of Officer Estrada's affidavit to support a finding of probable cause by the magistrate for issuance of a warrant to search the duplex," she argues that "there was no factual basis upon which the issuing magistrate could have found probable cause to believe that evidence of cocaine trafficking could be found on the defendant's person." Specifically, she contends that "there is no probable cause contained in the affidavit to support the

4

issuance of a warrant to search [her person]." Indeed, she asserts that "there is an absence of alleged facts from which the magistrate could have logically concluded that 'Samantha Heard' was in any way involved in the affiant's January 21, 1998, buy of cocaine from Darryl Lamont Dillard." Additionally, she asserts that the warrant failed to sufficiently identify her as the person to be searched.

In reviewing the denial of a motion to suppress, this court looks to the facts adduced at the suppression hearing which are most favorable to the State as the prevailing party. State v. Brian Daniel, No. E1997-OD142-SC-R11-CD (Tenn. at Knoxville, Jan. 31, 2000) (*for publication*); State v. Danny Spradlin, No. E1995-00019-SC-R11-CD (Tenn. at Knoxville, Jan. 31, 2000) (*for publication*); State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998) (citing State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996)). In considering the evidence presented at the hearing, this court extends great deference to the fact-finding of the suppression hearing judge with respect to weighing credibility, determining facts, and resolving conflicts in the evidence. Daniel, No. E1997-OD142-SC-R11-CD; Spradlin, No. E1995-00019-SC-R11-CD; Keith, 978 S.W.2d at 864. Indeed, these findings will be upheld unless the evidence preponderates otherwise. Daniel, No. E1997-OD142-SC-R11-CD; Spradlin, No. E1995-00019-SC-R11-CD; Keith, 978 S.W.2d at 864. Although deference is given to the trial court's findings of fact, this court conducts its own appraisal of the constitutional questions presented by reviewing the law and applying it to the specific facts of the particular case. Keith, 978 S.W.2d at 864 (citing State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997)).

Initially, we address the appellant's argument that the warrant failed to identify her with sufficient particularity. To satisfy the constitutional particularity requirements of the Fourth Amendment and Article I, Section 7 of the Tennessee Constitution, the warrant must describe the person or place to be searched and the

5

items to be seized with particularity. State v. Smith, 868 S.W.2d 561, 572 (Tenn. 1993), cert. denied, 513 U.S. 960, 115 S.Ct. 417 (1994). Consistent with this requirement, Rule 41(c) of the Tenn. R. Crim. P. provides that if probable cause exists, "the magistrate shall issue a warrant identifying the property and naming or describing the person or place to be searched." In this case, the affidavit identified the person to be searched as "unknown femle (sic) black possibly Samantha Heard." Moreover, the search warrant commanded officers to make a search of an "unknown female black possibly Samantha Heard" residing at the premises described as "a red brick duplex located at 1413A Lischey." Accordingly, we conclude that the warrant sufficiently identified the person to be searched as the appellant, Samantha Heard.

Next, we address whether the affidavit sufficiently provides probable cause to support the issuance of the search warrant. Probable cause has generally been defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act. Tenn. Code Ann. § 40-6-104 (1997); State v. Stevens, 989 S.W.2d 290, 293 (Tenn. 1999); State v. Johnson, 854 S.W.2d 897, 899 (Tenn. Crim. App. 1993). Probable cause to support the issuance of a warrant must appear in the affidavit, and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant. State v. Moon, 841 S.W.2d 336, 338 (Tenn. Crim. App.1992); see also Tenn. Code Ann. § 40-6-104. Additionally, in reviewing affidavits for probable cause, the appellate court should "look[] at and read [the challenged affidavit] in a common sense and practical manner." State v. Melson, 638 S.W.2d 342, 357 (Tenn. 1982), cert. denied, 459 U.S. 1137, 103 S.Ct. 770 (1983).

Again, the appellant concedes that probable cause existed to support the issuance of the search warrant of the premises at 1413A Lischey Avenue.

6

However, she asserts that the affidavit makes no reference to the presence of a black female on the premises at the time of the drug transaction and, therefore, failed to provide sufficient probable cause to support the issuance of the warrant for a search of her person.[3]  This fact alone is not dispositive in quashing a finding of probable cause in the present case.  We conclude that a warrant authorizing the search of a specifically designated person at a specific location is valid if it is supported by probable cause to believe that the person is likely to be involved in the suspected criminal activity.

In determining whether there is probable cause to believe that the person is likely to be involved in the alleged criminal activity,  the court should consider the following circumstances:

1. The physical characteristics of the premises to be searched;
2. The nature of the criminal activity alleged;
3. The physical characteristics of the items specifically described in the warrant; and
4. The person's connection to the property to be searched.

Cf.  Sutton v. State, 738 A.2d 286, 293-295 (Md. App. 1999) (listing factors to consider in determining the validity of an "all persons" warrant).[4]  After evaluating these factors, the court must be able to find a sufficient nexus among the criminal activity, the place of the activity, and the person in order to establish probable cause.  See  People v. Johnson, 805 P.2d 1156, 1159 (Colo. App. 1990), cert. denied, (Colo. 1991); see also  State v. DeSimone, 288 A.2d 849 (N.J. 1972).

---

[3]The appellant argues on appeal that notwithstanding the fact that the warrant for the search of the premises was valid, any search of her person on the premises would have been invalid.  In support of this position, the appellant relies on Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338 (1979), holding that the Fourth Amendment will not be construed to permit searches of persons who are on the premises subject to a search warrant but are not particularly named or described in the warrant.  The appellant's reliance on Ybarra is misplaced in that the warrant before this court specifically names the appellant as the person to be searched.

[4]We acknowledge that the case law from various jurisdictions relied upon in this opinion addresses the validity of "all persons warrants," i.e., warrants which do not particularly identify the person to be searched.  While it is clear that Article I, § 7 of the Tennessee Constitution denounces "'general warrants' permitting searches 'without evidence of the fact committed' and personal seizures where 'offences are not particularly described and supported by evidence,'" the issue as to whether "all persons" warrants fall under the classification of "general warrants" has not been specifically addressed by our supreme court. Again, this issue is non-present because the warrant before us identifies the person to be searched as opposed to an "all persons" warrant.  Nonetheless, we find the guidance provided in the case law on this issue beneficial to our determination of probable cause in the case sub judice.

Indeed, there must exist good reason to suspect or believe that the person to be searched at the premises will probably be a participant in the illegal activity. <u>See</u> <u>DeSimone</u>, 288 A.2d at 849. <u>See also</u> 2 W. LaFave, Search & Seizure, § 4.5(e) at 547-58 (1996). Thus, the dispositive question is whether there is sufficient particularity in the probable cause sense, that is, whether the information supplied by the affiant supports the conclusion that the person identified in the affidavit is involved in the criminal activity in such a way as to have evidence thereof on his or her person.

In the present case, the appellant was identified as the lessee or occupant of the residence to be searched. The place to be search was small, confined and private; the access to which was presumably limited. There is no dispute that illegal drug transactions occurred at the 1413A Lischey Avenue residence. The items to be seized included cash money and illegal controlled substances; the type of items which are of a size or kind which renders them easily and likely to be concealed on the person. The appellant, as the listed resident of the premises, had a proprietary interest in the residence and it is reasonable for officers to believe that the occupant of the residence would be aware of the existence and location of any drugs on the premises. In this respect, we acknowledge and adopt, as have other jurisdictions, the legally recognized presumption that a person occupying a private premises is a participant in the illegal activity when the alleged crime involves drug trafficking.[5]

---

[5]<u>See, e.g.</u>, <u>State v. Lee A. Loins, Jr.</u>, No. 80,330 (Kan. App. Dec. 10, 1999)(all persons warrant sufficient when affidavit includes information that place to be searched is private residence and that drug use and distribution occur at the place); <u>State v. Horn</u>, 808 P.2d 438 (Kan. App.), <u>cert. denied</u>, (Kan. 1991) (facts in affidavit must infer that the sole or primary activity at the location is the sale of drugs); <u>Commonwealth v. Smith</u>, 348 N.E.2d 101(Mass.), <u>cert. denied</u>, 429 U.S. 944, 97 S.Ct. 364 (1976) (search warrant for apartment and "any persons present" was valid as informant's information was that occupants were selling drugs and that there was a regular traffic of persons entering to make purchases); <u>People v. Easterbrook</u>, 324 N.E.2d 367 (N.Y. 1974), <u>cert. denied</u>, 421 U.S. 965, 95 S.Ct. 1954 (1975) (where affidavit supporting warrant alleged that heroin was used and sold in an apartment, criminal activity was of such a nature and the premises so limited that it was likely everyone present was party to the offense);<u>Commonwealth v. Graciani</u>, 554 A.2d 560 (Pa. Super. 1989) (a sufficient nexus existed between suspected distribution of cocaine, private residence and persons to be searched to justify warrant authorizing search of all persons present at residence); <u>Commonwealth v. Heidelberg</u>, 535 A.2d 611 (Pa. Super. 1987) (warrant to search all persons present at defendant's apartment was supported by probable cause to believe that anyone at the residence on the night in question would be involved in illegal drug-related activities); <u>State v. Doyle</u>, 918 P.2d 141 (Utah App.), <u>cert. denied</u>, (Utah 1996) (holding all persons warrant valid if it is based upon probable cause to believe

Although there is no direct information in the affidavit that the appellant participated in the illegal sale of the cocaine, we conclude that a sufficient nexus exits between the criminal activity, the place of the activity, and the appellant to support the issuance of the search warrant.  Accordingly, this issue is without merit.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JERRY L. SMITH, Judge


_____
NORMA MCGEE OGLE, Judge

that any person found at the location would be involved in narcotics trafficking);Morton v. Commonwealth, 434 S.E.2d 890 (Va. App. 1993) (information in a search warrant affidavit regarding drug use and distribution in apartment justified search of all persons present when warrant was executed); State v. Hayes, 540 N.W.2d 1 (Wis. App. 1995) (upholding the all persons warrant because the affidavit included information of a recent sale of crack cocaine at the apartment and the officer's statement that, in his experience, it is common to find others at the location who are involved in the drug transactions).