(993 P.2d 1231)

No. 80,330

State of Kansas, *Appellee*, v. Lee A. Loins, Jr., *Appellant*.

Opin-ion filed December 10, 1999.

*Mary D. Prewitt*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ty Kaufman*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., C. FRED LORENTZ, District Judge, assigned, and PAUL E. MILLER, District Judge, assigned.

GERNON, J.: Lee A. Loins, Jr., appeals his convictions for one count each of possession of marijuana and possession of drug paraphernalia. We affirm the marijuana conviction and reverse the drug paraphernalia conviction.

Police officers sought and obtained a search warrant for a trailer house in McPherson, including all persons present at the trailer when the warrant was executed. Officers found Loins in the bathroom when the warrant was executed, searched him, and found a cellophane wrapper containing marijuana in the watch pocket of his jeans.

The officers also recovered a pipe containing marijuana residue from one of the couches in the front room of the trailer.

Loins was charged with possession of marijuana and possession of drug paraphernalia. Loins filed a motion to suppress the marijuana found in his possession, but the motion was denied. He waived his right to a jury trial and was found guilty on both counts by the trial court. Loins appeals both convictions.

## Search Warrant

Loins argues that the warrant authorizing the search of all persons at the trailer house is unconstitutional because the affidavit did not supply sufficient information to support the conclusion that all of the people at the trailer were likely to have marijuana.

The State bears the burden of proving the lawfulness of a search and seizure at a hearing on a motion to suppress. *State v. Vandiver*, 257 Kan. 53, 57, 891 P.2d 350 (1995). When reviewing a trial court's decision on a motion to suppress evidence, an appellate court gives great deference to the factual findings of the trial court. *State v. DeMarco*, 263 Kan. 727, 732, 952 P.2d 1276 (1998).

This court will not reweigh the evidence but will review the trial court's findings to determine whether they are supported by substantial competent evidence. The ultimate determination of the suppression of evidence, however, is a question of law, requiring independent appellate determination. 263 Kan. at 732.

Here, the trial court noted that the facts were not in dispute. Consequently, there is no need to verify the trial court's factual findings with substantial competent evidence. The remaining decision regarding the suppression of the evidence must be reviewed de novo. See 263 Kan. at 732.

When reviewing the validity of a search warrant, this court must determine whether the magistrate had a substantial basis for issuing it. *State v. Gilbert*, 256 Kan. 419, 422, 886 P.2d 365 (1994). A substantial basis for the warrant depends on whether probable cause existed under the totality of the circumstances. In making that determination, this court gives great deference to the magistrate's determination. 256 Kan. at 422.

A magistrate is required to assess all of the circumstances presented and make a practical, common-sense decision about whether a crime has been committed or is in the process of being

committed and whether there is a fair likelihood that the evidence will be found in the place specified. 256 Kan. at 421.

Although general warrants are constitutionally prohibited, warrants authorizing the search of all persons at a location are not per se invalid. *State v. Horn*, 15 Kan. App. 2d 365, 366, 808 P.2d 438, *rev. denied*, 248 Kan. 998 (1991). The facts in the affidavit must infer that the sole or primary activity at the location is the sale of drugs and that everyone present would be involved in the illegal activity. See 15 Kan. App. 2d at 367.

The affidavit in this case stated: (1) that concerned neighbors reported drug activity at the trailer; (2) that a lot of juveniles visited the trailer; (3) that a least a dozen cars would arrive and leave over the course of an evening; (4) that a lot of parties occurred in which mainly marijuana was consumed; (5) that Loins was known to be at the parties; (6) that Lenny Landrum, the reported resident, had been arrested for possession of marijuana and drug paraphernalia; (7) that Loins was convicted of possession of marijuana; (8) that an anonymous informant reported seeing marijuana in the trailer on numerous occasions; (9) that a Crime-Stopper tip reported marijuana sales at the trailer by Loins and two other individuals and that all three were living at the trailer; (10) that it is common for persons buying drugs to stay only a short time and leave with the drugs on their persons; and (11) that Loins was involved in trading sex for drugs at the trailer. All of the facts in the affidavit occurred or were reported from January 1996 until April 11, 1996, the day before the search warrant was issued.

Kansas has not determined what information is sufficient to infer that the primary activity at a location is the sale of drugs. Although the *Horn* court did not establish a basis for determining what is necessary for an all-persons warrant by reciting the facts in the affidavit, this court can compare the facts in this case to those found sufficient in other jurisdictions.

Generally, an "all-persons" search warrant will be upheld when the affidavit includes information that the place to be searched is a private residence, that drug use and distribution occur at the place, and that there was a regular traffic of persons entering to make purchases. See, *e.g., Commonwealth v. Smith*, 370 Mass. 335,

339, 348 N.E.2d 101, *cert. denied* 429 U.S. 944 (1976) (upholding an all-persons warrant based on an affidavit that stated that occupants were selling drugs and that there was a regular traffic of persons entering to make purchases); *State v. Hinkel*, 365 N.W.2d 774, 775-76 (Minn. 1985) (finding probable cause for an all-persons warrant based on an affidavit that included complaints from neighbors about illegal activity at a house and information that illegal liquor sales occurred there); *People v. Easterbrook*, 43 App. Div. 2d 719, 720, 350 N.Y.S.2d 442 (1973), *aff'd* 35 N.Y.2d 913, 364 N.Y.S.2d 899, 324 N.E.2d 367, *cert. denied* 421 U.S. 965 (1974) (finding probable cause for an all-persons warrant based on statements in the affidavit indicating that drug sales and consumption occurred at the apartment); *Com. v. Graciani*, 381 Pa. Super. 626, 630, 554 A.2d 560 (1989) (finding that the confidential informant's report of a drug sale at the private residence and the easily hidden characteristic of the contraband justified the all-persons warrant); *Com. v. Heidelberg*, 369 Pa. Super. 398, 407, 535 A.2d 611 (1987) (upholding a warrant to search all persons because the affidavit included information that the sale of cocaine occurred on the premises); *Morton v. Commonwealth*, 16 Va. App. 946, 951, 434 S.E.2d 890 (1993) (stating that information in the affidavit regarding drug use and distribution in an apartment justified the search of all persons present); *State v. Hayes*, 196 Wis. 2d 753, 764-66, 540 N.W.2d 1 (Wis. App. 1995) (upholding the all-persons warrant because the affidavit included information of a recent sale of crack cocaine at the apartment and the officer's statement that, in his experience, it is common to find others at the location who are involved in the drug transactions).

We conclude that the affidavit in this case contained more information than those supporting all-persons search warrants that were upheld in other states. Based on the information provided to the magistrate and giving appropriate deference to the magistrate's decision to issue a warrant, there was probable cause to believe that the primary activity at the trailer was drug sales and consumption and that all those present would be involved in the illegal activity. Accordingly, the trial court did not err by denying Loins' motion to suppress the marijuana found in his pocket.

Even if this court determines that the affidavit contained insufficient facts to infer that the sale of drugs was the primary activity at the trailer, the evidence against Loins need not be suppressed. Evidence seized pursuant to a warrant should only be suppressed "on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *United States v. Leon*, 468 U.S. 897, 918, 82 L. Ed. 2d 677, 104 S. Ct. 3405, *reh. denied* 468 U.S. 1250 (1984).

The good faith exception in *Leon* provides that evidence should not be excluded unless (1) the judge or magistrate who issued the warrant was deliberately misled by false information; (2) the judge or magistrate completely abandoned his or her neutral and detached role; (3) the warrant is so lacking in specificity that the officers cannot determine the place of the search or the items to be seized; or (4) the warrant bears so little indicia of probable cause that it is entirely unreasonable for an officer to believe that the warrant is valid. *State v. Doile*, 244 Kan. 493, 502, 769 P.2d 666 (1989), *abrogated on other grounds by Horton v. California*, 496 U.S. 128, 110 L. Ed. 2d 112, 110 S. Ct. 2301 (1990).

None of these exceptions are applicable to this case. First, Loins does not assert that the judge was deliberately misled by false information. Second, there is no evidence that the judge completely abandoned his neutral and detached role. Third, the warrant provided the officers with enough specificity to instruct them to search the premises and everyone present for controlled substances and items related to the controlled substances. Fourth, using an objective standard, there is no reason to question the validity of the warrant based on its face. See *State v. Probst*, 247 Kan. 196, 204, 795 P.2d 393 (1990).

## Drug Paraphernalia

Loins next contends there was insufficient evidence to convict him of possession of drug paraphernalia.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in a light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have

found the defendant guilty beyond a reasonable doubt. *State v. Johnson*, 266 Kan. 322, 326, 970 P.2d 990 (1998).

To establish Loins' guilt for possessing drug paraphernalia, the State introduced three pieces of evidence. First, the police officer testified that he found a pipe containing marijuana residue in one of the couches in the front room of the trailer. Second, the State presented Loins' statement that he slept on one of the two couches in the trailer, but not a specific couch. Third, the State introduced a bill for cable service at the trailer in Loins' name to indicate that he was a resident of the trailer.

Loins presented evidence that he was in the bathroom when the search warrant was executed, that no one was on the couch when the officers arrived, and that Lenny Landrum owned the pipe.

Based on this evidence, even when viewed in a light most favorable to the State, we find that it is impossible to determine, with the record before us, beyond a reasonable doubt that the pipe belonged to Loins. Sleeping on a couch does not infer the use of the couch for storage of personal belongings. The trial court erred in finding Loins guilty of possession of drug paraphernalia, and his conviction on that count is reversed.

Affirmed in part and reversed in part.