631 A.2d 1356

COMMONWEALTH of Pennsylvania

v.

Robert WILSON, Appellant.

Superior Court of Pennsylvania.

Argued May 19, 1993.

Filed Oct. 15, 1993.

198

Ann Russavage–Faust, Asst. Public Defender, Doylestown, for appellant.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for Com., appellee.

Before WIEAND, CIRILLO and CERCONE, JJ.

WIEAND, Judge:

Robert Wilson waived his right to trial by jury, participated in a stipulated waiver trial before the Honorable Edward G. Biester, and was found guilty of possession of cocaine, possession with intent to deliver cocaine, and possession of drug paraphernalia. Post-trial motions were denied, and Wilson was sentenced to pay a fine of ten thousand ($10,000.00) dollars, together with the costs of prosecution, and undergo imprisonment for not less than three years nor more than six years. On direct appeal from the judgment of sentence, Wilson asks this Court to review the suppression court's order upholding the validity of the warrant and search which produced contraband from Wilson's person.

██ When considering an appeal from a motion to suppress, our review "is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are in error." *Commonwealth v. Merkt*, 411 Pa.Super. 127, 129, 600 A.2d 1297, 1298 (1992). See also: *Commonwealth v. Medley*, 531 Pa. 279, 612 A.2d 430 (1992). Here, the parties are in substantial agreement regarding the pertinent facts, but appellant contends that the suppression court's legal conclusions were incorrect.

In an affidavit for search warrant, Detective Paul Lindenmuth, of the Bristol Township Police, averred that a confidential informant, referred to as Larry, had informed him that crack cocaine was being sold by Maynard Wilson from a residence at E–25 Lloyd Street. Because the informant had known Maynard Wilson for several years, a controlled buy from him was arranged and completed within five days before issuance of the warrant.[1] It was averred generally in the affidavit that controlled substances and drug paraphernalia could readily be passed from person to person and thus be concealed. Therefore, a request was made for the warrant to authorize a search of "all persons present" on the premises at the time of executing the warrant. The warrant, however, did not contain such authorization.

Armed with a warrant to search E–25 Lloyd Street, owned or occupied by Maynard and Willie Mae Nelson, police went to the premises on March 18, 1992. One group of officers knocked on the door and then, hearing a commotion inside, forced the door open. As they did, they observed a black male run towards the rear of the building. This person, identified subsequently as the defendant, Robert Wilson, was intercepted by Officer Victor Tunis and another officer who had approached the residence from the rear. Robert Wilson was returned to the house, where a search of his outer

---

1. After strip searching the informant, police had provided him with money, had followed him to E–25 Lloyd Street, had observed him enter the premises and thereafter had received from him nine (9) vials which tested positive for cocaine.

clothing produced cash of $2,300.00, food stamps having a value of $529.00, a pocket knife, a pager and a motel key. Wilson was then taken to the bathroom, where a strip search produced a vial and packet suspected of containing cocaine. A subsequent laboratory analysis confirmed that the vial contained .06 grams of cocaine and that the packet contained 3.75 grams of cocaine.

The affidavit for the search warrant in this case named Maynard Wilson as the person who had been dealing drugs and Maynard and Willie Mae Wilson as the occupants of the residence at E–25 Lloyd Street. The affidavit contained no reference to Robert Wilson. The warrant authorized a search of the residence at E–25 Lloyd Street. It did not authorize a search of Robert Wilson, whose name did not anywhere appear in the affidavit or in the warrant.

■ The Commonwealth argues that the search of Robert Wilson was authorized because of language appearing in the affidavit which suggested generally that drugs and drug paraphernalia could be passed from person to person and which requested the issuance of a warrant to search "all persons present." The Commonwealth's argument, however, is lacking in merit. In the first place, the issuing authority neither authorized nor found probable cause for an "all persons present" warrant. This is clear from a reading of the warrant. The only reference to such a warrant appears in the affidavit; the warrant itself does not appear to have granted the request. Secondly and in any event, the affidavit failed to contain facts sufficient to support the issuance of a warrant to search all persons present.

■ Because Pennsylvania law requires that every search warrant "name with particularity the person or place to be searched," Pa.R.Crim.P. 2005(c), "all persons present warrants" are not favored. See: *Commonwealth v. Heidelberg,* 369 Pa.Super. 398, 407, 535 A.2d 611, 615 (1987). Although there are situations when such warrants are necessary, they are only permissible when the affidavit of probable cause contains sufficient facts to justify a search of everyone found

on the premises. *Commonwealth v. Graciani*, 381 Pa.Super. 626, 554 A.2d 560 (1989); *Commonwealth v. Heidelberg, supra; State v. DeSimone*, 60 N.J. 319, 288 A.2d 849 (1972). The facts relevant to reviewing an "all persons present" warrant were described in *Commonwealth v. Graciani* as follows:

> [T]hough generally disfavored, an "all persons present" warrant would be deemed constitutional when the totality of the circumstances established a sufficient nexus between the persons to be searched, the location, and the criminal activity suspected. 369 Pa.Super. at 400–407, 535 A.2d at 612–615; *id.*, 369 Pa.Super. at 407, 535 A.2d at 615–616 (Beck, J., concurring). In *Heidelberg,* we found a sufficient nexus to justify issuance of an "all persons present" warrant based upon the fact cocaine sales had been observed between the occupant and other persons at the house within twenty-four hours of the application for the warrant, a large quantity of cocaine was believed to be kept at the house, the place to be searched was a private residence, and the crime suspected involved contraband which could easily be hidden on the body. 369 Pa.Super. at 407, 535 A.2d at 615. We reasoned that the likelihood that anyone present at the time of the execution of the warrant might be involved in the cocaine distribution or be willing to hide evidence of the operation on their person was sufficient to justify issuance of an "all persons present" warrant.

*Commonwealth v. Graciani, supra,* 381 Pa.Super. at 630, 554 A.2d at 562.

The confidential informant upon whom the police relied in requesting a search warrant in this case had provided information about the activities of Maynard Wilson only. The name of Robert Wilson was never mentioned. He was not mentioned in the affidavit as a potential suspect, and a search of his person was not authorized by the warrant. Although the affidavit of probable cause outlined in detail the steps taken to effect a controlled buy at the residence of Maynard Wilson, it failed to reveal that Robert Wilson had been present during the buy made by the informant or on any other

relevant occasion. Indeed, there was no indication that any occupants of the Lloyd Street residence, other than Maynard Wilson, had ever participated in illegal activities. Because the police failed to establish a nexus between other persons who might be present at the time of executing the warrant and illegal drug sales being made by Maynard Wilson, there was, no probable cause for a warrant to search all persons present on the premises at any given moment.

Appellant correctly observes that the warrant relied upon by the police authorized only the search of a named residence. This is similar to *Commonwealth v. Eichelberger*, 352 Pa.Super. 507, 508 A.2d 589 (1986), *appeal denied*, 515 Pa. 619, 531 A.2d 427 (1987), where a valid warrant authorized a search of the defendant's residence. The police searched the defendant even though he had not been identified as a person to be searched. The Superior Court rejected the Commonwealth's claim that language in the warrant identifying the defendant as the owner of the building was sufficient to justify a search of his person and held that the police had acted beyond the authority of the warrant.

The police in this case also acted beyond the authority of their warrant. The section of the warrant which identified the person or place to be searched described only the residence at E–25 Lloyd Street. It did not anywhere mention Robert Wilson. This warrant, therefore, was insufficient to authorize a search of appellant, for a warrant authorizing a search of a building does not authorize a search of those present when the warrant is executed. *Commonwealth v. Luddy*, 281 Pa.Super. 541, 551, 422 A.2d 601, 606 (1981), *cert. denied*, 454 U.S. 825, 102 S.Ct. 114, 70 L.Ed.2d 99.

When executing a warrant to search a residence, the police have authority to detain individuals who happen to be present. However, in order to search or arrest them, the police must establish independent probable cause. Because the Commonwealth believed the warrant authorized a search of appellant, it did not identify any independent grounds for searching him. Prior to arriving at the Lloyd Street resi-

dence, the officers had no information whatsoever concerning appellant. When they arrived, there was nothing in his conduct which established that he had engaged in criminal conduct or that he possessed a dangerous weapon. Mere presence and flight are insufficient to establish probable cause. See: *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973); *Commonwealth v. Pegram*, 450 Pa. 590, 301 A.2d 695 (1973); *Commonwealth v. Reece*, 437 Pa. 422, 263 A.2d 463 (1970). Although the police were entitled to detain appellant as they executed the warrant to search the building, an invasive search of his person was unreasonable. See: *Commonwealth v. Luddy*, supra 281 Pa.Super. at 552–553, 422 A.2d at 607. The evidence seized, therefore, should have been suppressed.

Reversed and remanded for a new trial. Jurisdiction is not retained meanwhile.

CERCONE, J., concurs in the result.