## Commonwealth v. Hutchinson

C.P. of Berks County, no. 505/96.

*Iva Dougherty,* for the Commonwealth.
*Lawrence J. Hracho,* for defendant.

KELLER, *J.,* June 7, 1996—Defendant filed an omnibus pretrial motion requesting suppression of evidence seized on October 11, 1995 by the Reading Bureau of Police. After the hearing was held, this court granted defendant's motion for suppression of the evidence seized. The Commonwealth of Pennsylvania, by and through the district attorney's office of Berks County, filed a timely notice of appeal from this order, certifying that this court's ruling terminated or substantially handicapped the prosecution of this case.

This opinion is written pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), and for the following reasons, we disagree with the Commonwealth's complaint and request that the appeal from the order granting defendant's motion for suppression of evidence be denied.

## STANDARD OF REVIEW

When reviewing the Commonwealth's appeal from a suppression ruling, the appellate court must "determine whether the factual findings are supported by the record." *Commonwealth v. Williams,* 539 Pa. 61, 71, 650 A.2d 420, 425 (1994). The reviewing court "must consider only the evidence of the prosecution's witnesses, and so much evidence of the defense that remains uncontradicted when fairly read in the context of the record as a whole." *Id.* at 71, 650 A.2d at 425-26. The appellate court is bound by the suppression court's factual findings if they are supported by the record and may only reverse if the legal conclusions derived from those facts are erroneous. *Id.* at 72, 650 A.2d at 426. (citations omitted) The record supports the factual findings and conclusions of law herein, and this court did not err in granting defendant's motion for suppression of evidence.

## STATEMENT OF FACTS

On October 10, 1995 the Reading Bureau of Police received information from a confidential informant regarding the sale of cocaine at 561 North Front Street. The information provided was that the informant was present at 561 North Front Street, a single-family dwelling, within the last 48 hours and observed the occupants, Therman Glenn and "Jamie", in possession of a quantity of cocaine that they were offering for sale. The informant also described how Therman Glenn and "Jamie" would package the cocaine to sell it to customers out of the house.

As a result of the information received from the confidential informant, Criminal Investigator Michael Gombar of the Reading Bureau of Police applied for an "all persons present" search warrant for the premises at 561 North Front Street because the suspected controlled substances could be easily secreted on someone's person. Moreover, C.I. Gombar averred that anyone present would likely be there to buy cocaine and could be in possession of same. An "all persons present" search warrant was issued on October 11, 1995 for 561 North Front Street. It authorized a search of the residence, Therman Glenn, Jane Doe, and "anyone else present to prevent the destruction of evidence."

On October 11, 1995, at approximately 6:15 p.m., members of the Reading Bureau of Police executed the search warrant at 561 North Front Street. Defendant was present and was searched. A quantity of heroin was found on his person; this served as the basis for the sole charge against defendant—possession of a controlled substance, 35 Pa.C.S. §780-116(a)(16).

Based upon the foregoing facts, this court granted defendant's motion to suppress the heroin.

A search warrant must state with specificity the persons to be searched. *Commonwealth v. Carlisle*, 517 Pa. 36, 534 A.2d 469 (1987); Pa.R.Crim.P. 2005(c). There are, however, certain circumstances under which a magistrate may issue a search warrant which authorizes the police to search anyone present at the time the warrant is executed. See *Commonwealth v. Wilson*, 429 Pa. Super. 197, 631 A.2d 1356 (1993); *Commonwealth v. Graciani*, 381 Pa. Super. 626, 554 A.2d 560 (1989); *Commonwealth v. Heidelberg*, 369 Pa. Super. 398, 535 A.2d 611 (1987). Such "all persons present" warrants are not favored in this Commonwealth. *Id.* at 407, 535 A.2d at 615.

Although "all persons present" warrants are not favored, they may pass constitutional muster when "the totality of the circumstances established a sufficient nexus between the persons to be searched, the location, and the criminal activity suspected." *Graciani, supra* at 630, 554 A.2d at 561 (citing *Heidelberg, supra*). The following three cases are the only appellate cases that discuss the requirements for "all persons present" search warrants. Factually, they illustrate factors that the Superior Court has considered in evaluating whether the circumstances of each case established a sufficient nexus between illegal drug sales and the people who could be in the residence when a search warrant is executed.

In the first case to consider the constitutionality of an "all persons present" warrant the Superior Court considered the following facts as central to the probable cause analysis: (1) that a large amount of cocaine was seen in the residence within 24 hours of the warrant application; (2) three confidential informants observed

drug sales at the home; (3) the target of the search warrant was a private single-family dwelling; and (4) the cocaine could be easily secreted on a person's body. *Heidelberg, supra.* The *Heidelberg* court upheld the determination of the probable cause for issuance of the search warrant. *Id.* The court reasoned that based on the facts there was a connection between people in the home and illegal drug sales so as to vitiate the traditional specificity requirement for search warrants. *Id.* Thus a small niche was carved out of search warrant jurisprudence which permitted a warrant to authorize a search of anyone on the premises when the facts show a high probability of drug activity.

In *Commonwealth v. Graciani, supra* the Superior Court again upheld a search warrant that authorized the search of "all persons present" at a private residence. The facts in *Graciani* that the court considered in evaluating the probable cause for issuance of the search warrant were that a confidential informant observed drug sales within a private residence within three days prior to issuance of the search warrant; the drugs were hidden in the house and were hidden on the bodies of the patrons after they bought the drugs; and the same confidential informant provided information four days before which led to the arrest of one person and the seizure of 33 packets of cocaine at the same location. *Id.* at 630-31, 554 A.2d at 562. Although there was no mention of a large amount of drugs at the residence, the court stated that a large amount could be inferred because of the prior raid and the recent sales from the same residence. *Id.* at 631, 554 A.2d at 562. Therefore, based on these facts the court found a sufficient nexus to issue the search warrant.

In *Commonwealth v. Wilson, supra* the Superior Court reversed the suppression court's determination that a

search warrant was valid. The facts presented in the affidavit were that a controlled buy was made within five days prior to the issuance of the warrant, and the confidential informant observed sales of crack cocaine in the residence. *Id.* at 199, 631 A.2d at 1357. In addition, the affidavit averred that the drugs and paraphernalia could be easily hidden by people present. *Id.* The court noted that although the issuing authority did not specifically label the warrant an "all persons present" warrant there was not sufficient probable cause for such a warrant, because a nexus was not established to show that anyone at the residence would be involved in drug activity. *Id.* at 201, 631 A.2d at 1358. Therefore, the *Wilson* court analyzed this as a regular search warrant and found that it did not authorize the search of the appellant because he was not named in the warrant, but also rejected in dicta probable cause for the search of all persons present. *Id.* at 202, 631 A.2d at 1358-59.

The case at bar is more factually similar to *Wilson* than to *Heidelberg* and *Graciani*. Here, one confidential informant observed cocaine within 48 hours of the issuance of the search warrant in a private residence. This information establishes the presence of drugs within a private residence, but the search warrant affidavit does not elaborate on the frequency of sales inside the residence located at 561 North Front Street. The absence of such information required the issuing authority to speculate on how pervasive drug sales were at 561 North Front Street. In addition, there is no mention of a "large" quantity of cocaine in the search warrant affidavit. The absence of such an allegation destroys one of the principal components that the *Heidelberg* and *Graciani* courts relied upon in finding a sufficient nexus to issue the search warrants in those cases. Allowing an issuing magistrate to infer these details from the facts alleged in this search warrant affidavit un-

dermined the probable cause requirements that are still necessary for the issuance of an "all persons present" search warrant.

Furthermore, the fact that the cocaine was being offered for sale by the two occupants militates in favor of the possibility that anyone who may be at the home at any given time would likely be there to engage in drug transactions, however, the information provided by this confidential informant stands alone. The information was not corroborated by either a controlled buy, other confidential informants, or prior drug raids at this house within a short period of time prior to this confidential informant making observations of drug sales. These were important points that bolstered the intelligence furnished by the informants in both *Heidelberg* and *Graciani* and established the probable cause for those search warrants.

Based on the above analysis, the search warrant affidavit submitted by C.I. Gombar on October 11, 1995 did not provide a sufficient nexus to establish that anyone present at the residence at 561 North Front Street was involved in drug sales or purchases. Therefore, the "all persons present" search warrant was not based upon sufficient probable cause, and the heroin seized from defendant's person was unconstitutionally procured.