J. S08016/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
          v. :
:
ERIK WADE PARKS, :
:
          Appellant : No. 866 WDA 2015

Appeal from the Judgment of Sentence May 13, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000582-2014

BEFORE: STABILE, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 1, 2016**

Appellant, Erik Wade Parks, appeals from the Judgment of Sentence entered by the Fayette County Court of Common Pleas following his convictions by a jury of Possession of a Controlled Substance With Intent to Deliver ("PWID"), Simple Possession, Possession of Drug Paraphernalia, and Endangering the Welfare of Children ("EWOC").[1] He challenges the trial court's denial of his suppression motion. After careful review, we affirm.

On February 5, 2014, and February 11, 2014, a confidential informant purchased controlled substances from Christy Lynn Price at the residence located at 50 Lawton Avenue in Uniontown. Working with Agent Ronald Sepic of Pennsylvania's Organized Crime and Drug Enforcement Task Force

---

[1] 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(16); 35 P.S. § 780-113(a)(32); and 18 Pa.C.S. § 4304(a)(1), respectively.

("Task Force"), Uniontown City Police Officer Frederick G. Kampert prepared a search warrant application for the residence. In his affidavit of probable cause, he named only Christy Lynn Price as the owner or possessor of the property and the person to be searched. The search warrant also provided for the search of the entire premises.

On February 12, 2014, Officer Kampert, together with members of the Uniontown City Police and the Task Force, executed the search warrant at 50 Lawton Avenue, Apartment 3, in Uniontown. Appellant, Price, and their seven-month-old daughter were present at the time of the search. Officers searched Appellant's person and recovered two cell phones.

In the residence, the officers found approximately 15 grams of heroin in a large plastic container; approximately 30 grams of marijuana; a 12-gauge pump shotgun; a magazine for a nine-millimeter handgun and seven live rounds of ammunition. They also found three additional cell phones, four digital scales, one with some kind of residue, a cutting agent, several glassine stamp baggies, and a metal spoon with white residue. In addition, officers recovered Appellant's Veteran of Foreign Wars identification card, a man's suit jacket with six Suboxone strips in the pocket, and a "whizzinator" with electric heating pad.[2]

---

[2] A "whizzinator" is a device that looks like a penis and is used to dispense clean urine when providing a urine sample under supervision.

They also found a bill addressed to Appellant at 50 Lawton Avenue, Uniontown, PA, and a green certified return mail receipt card dated June 6, 2012, addressed to Appellant at 50 Lawton Avenue and signed by Appellant. *See* Trial Court Opinion, dated 8/17/15, at 2, 4-5 (citing N.T. Trial, 4/7/15, at 58-59, 93, 121).

Appellant and Price were arrested and charged with PWID and EWOC. Appellant filed a Motion to Suppress the evidence, contending that the search warrant did not cover him or his separate property. After a hearing, Judge Joseph M. George, Jr. summarily concluded that the search "was reasonable and justified by probable cause" after applying the "four corners" test. Trial Court Opinion, dated 3/13/15, at 3. The court also concluded that the totality of the circumstances supported the search of Appellant's person.

Agent Ronald Sepic testified as an expert in the field of narcotics investigations. At trial, he testified as to the evidence supporting his conclusion that Appellant was dealing drugs, including the shotgun, the amount and weight of heroin, the cutting agent, and the paraphernalia associated with a drug dealing operation. He also stated the five cell phones, including the two cell phones found on Appellant's person, were "not included in [his] opinion on this possession with intent to deliver." N.T. Trial, 4/7/15, at 115.

Agent Sepic testified that he included the residence as the place to be searched and Price's person to be searched because of the Confidential Informant's ("CI") buys from the residence. N.T. Trial, 4/7/15, at 121. Agent Sepic did not include all persons present, even though he stated he would search the residence "regardless of who was there." *Id*.

On April 8, 2015, a jury found Appellant guilty of PWID, Simple Possession, Possession of Drug Paraphernalia, and EWOC. On May 13, 2015, the Honorable Linda R. Cordaro sentenced Appellant to a total of two to four years' incarceration.[3] Appellant filed a timely Notice of Appeal on May 28, 2015.

Appellant raises three issues on appeal:

1. Whether the court erred by finding that the search of [Appellant]'s person and his personal property was supported by probable cause when the search warrant specifically named Christy Price as the target of the investigation and her residence as the place to be searched?

2. Whether the court erred in determining that a shotgun found at Christy Price's residence was relevant to [Appellant]'s charges, which focused on the delivery of narcotics?

3. Whether the court erred in allowing Agent Ronald Sepic to testify as an expert witness when the Commonwealth failed to notify the defense that Agent Sepic would testify as an expert witness and failed to provide to the defense the contents of his testimony prior to trial?

---

[3] The trial court sentenced Appellant to two to four years' incarceration for the PWID conviction. The trial court imposed a concurrent sentence of one to two years' incarceration for the EWOC conviction. The trial court imposed a finding of guilt without further penalty for the remaining convictions.

Appellant's Brief at 3 (capitalization omitted).

When reviewing the denial of a suppression motion, we are limited to determining whether the record supports the suppression court's factual findings and, assuming there is support in the record, we are bound by those facts and may reverse only if the legal conclusions drawn from those facts are erroneous. *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010).

Appellant first contends that the trial court erred in failing to suppress the evidence obtained pursuant to the search warrant because the affidavit of probable cause and the search warrant mentioned only "Christy Price as the target of the investigation[.]" Appellant's Brief at 8. Appellant challenges the trial court's determination that the search was proper by arguing that the search warrant did not authorize a search of him or his personal property. *Id*. at 10.

In its Pa.R.A.P. 1925(a) Opinion, the trial court concludes that the information to support the search warrant provided probable cause to search Appellant himself because he was a "person present" during the execution of an "all persons present" warrant. Trial Court Opinion, dated 8/17/15, at 3-5. We disagree.

Police may detain individuals who happen to be present during the execution of a search warrant of a residence. *Commonwealth v. Wilson*, 631 A.2d 1356, 1359 (Pa. Super. 1993). "However, in order to search or arrest them, the police must establish independent probable cause." *Id*.

When the totality of circumstances establishes a sufficient nexus between the persons to be searched, the location, and the original activity suspected, an "all persons present warrant" is constitutional because "presence becomes the descriptive fact satisfying the aim of the Fourth Amendment." *Commonwealth v. Hawkins*, 880 A.2d 678, 680 (Pa. Super. 2005) (citations and quotations omitted). *See also, e.g., Commonwealth v. Heidelberg*, 535 A.2d 611, 615 (Pa. Super. 1987) (concluding police established a sufficient nexus where cocaine sales had been observed between the occupant and other persons at the house within 24 hours of the application for the warrant, a large quantity of cocaine was believed to be kept at the house, the place to be searched was a private residence, and the suspected crime involved contraband which could easily be hidden on the body).

In the instant case, Appellant specifically challenges the seizure of: (1) two cell phones found on Appellant's person; (2) a glassine stamp bag containing heroin recovered from a large plastic container on the floor near Appellant; and (3) Suboxone strips in a men's suit jacket. Appellant's Brief at 11.

Regarding the two cell phones recovered from the search of Appellant's person, our review of the record does not support the trial court's finding that the information to support the search warrant also provided probable cause to search Appellant himself because he was a

"person present" during the execution of an "all persons present" warrant. Trial Court Opinion, dated 8/17/15, at 3-5. **See also Wilson**, **supra** at 1359; **Heidelberg**, **supra** at 615.

The face of the search warrant application did not include Appellant's name. The search warrant, the affidavit of probable cause supporting the search warrant, and the evidence of record do not indicate the involvement of persons other than Price in the sale of drugs to the CI.

Moreover, our review of the certified record does not support the trial court's finding that the search warrant was an "all persons present" warrant, or that the totality of the circumstances leading up to the issuance of the search warrant established a sufficient nexus to support the search of Appellant's person. **See Hawkins**, **supra** at 680. Accordingly, the seizure of the two cell phones was illegal and the trial court should not have admitted the cell phone evidence at trial. **Commonwealth v. Johnson,** 379 A.2d 72, 75 (Pa. 1977) ("Evidence obtained in violation of an individual's constitutional right to be free from unreasonable searches and seizures cannot be used against him at trial." (citation omitted)).

Regarding the heroin, the large plastic container that the police found fell within the scope of the search. The warrant provided for the search of the entire premises. That includes the search of containers found within the premises. Accordingly, the search was proper. **Commonwealth v. Reese**, 549 A.2d 909, 911 (Pa. 1988) (stating, "[w]here a search warrant

adequately describes the place to be searched and the persons and/or things to be seized[,] the scope of the search 'extends to the entire area in which the object of the search may be found' and properly includes the opening and inspection of containers and other receptacles where the object may be secreted[.]" (quoting **United States v. Ross**, 456 U.S. 798, 821-22 (1982))).

Regarding the Suboxone strips that the police officers recovered from a men's suit jacket found in the home, the same reasoning applies. The police recovered the jacket from a bedroom closet inside the residence; Appellant was not wearing the jacket at the time. It was a plausible repository for narcotics or firearms on the premises. The search warrant authorized police to search the apartment for evidence of the drug operation, including any property located on premises.[4] **See Reese**, **supra** at 911-12. Accordingly, the police properly searched the jacket and the trial court did not abuse its discretion in denying the suppression motion with respect to the heroin and Suboxone strips.

Notwithstanding our determination pertaining to the illegality of the cell phone seizure, we conclude that the trial court's error was harmless. Under the harmless error doctrine, this Court will affirm the trial court's

---

[4] Although police recovered evidence indicating Appellant resided in the apartment with Price, as noted above, Appellant maintains that the men's suit jacket and the plastic container did not belong to him. This claim, however, is not relevant to the court's analysis of the Motion to Suppress, but rather to the charges themselves.

Judgment of Sentence despite trial court error if we conclude that the error was harmless. **Commonwealth v. Wright**, 742 A.2d 661, 667 (Pa. 1999).

"Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis;* (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." **Commonwealth v. Melvin**, 103 A.3d 1, 20 (Pa. Super. 2014) (quotation and citations omitted).

Our Supreme Court has noted that "[t]he doctrine of harmless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt. Its purpose is premised on the well-settled proposition that a defendant is entitled to a fair trial but not a perfect one." **Commonwealth v. Thornton**, 431 A.2d 248, 251 (Pa. 1981) (quotation and citations omitted).

In this case, the Commonwealth introduced substantial evidence that established that Appellant had committed the crimes of PWID, Simple Possession, Possession of Drug Paraphernalia, and EWOC. Agent Sepic relied on numerous factors to support his expert opinion regarding Appellant's possession with intent to deliver, including the presence of the

shotgun, the amount and weight of the heroin, the cutting agent, the scales, the empty stamp bags, the small spoon, the small rubber bands, and the zip-lock baggies with bottom corners cut out (referred to at trial as "diapers"). N.T. Trial, 4/7/15, at 110-16. Agent Sepic clarified that the cell phone evidence was "not included in [his] opinion on this possession with intent to deliver." *Id*. at 115.

In light of all the evidence presented at trial, we conclude that the trial court's error was harmless. Accordingly, Appellant's challenge to the denial of his suppression motion fails.

In his second claim, Appellant challenges the admission of the shotgun at trial. He avers that the trial court "erred in determining that a [shotgun] found at Christy Price's residence was relevant to [Appellant]'s charges, which focused on the delivery of narcotics." Appellant's Brief at 12. Appellant also avers that the admission of the shotgun evidence was unfairly prejudicial, confusing, and misleading, and that the trial court's decision to admit the shotgun at trial did not constitute harmless error. *Id*. at 13-14.

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (quotation and citation omitted). "[A]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly

unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence or the record." ***Commonwealth v. Cameron***, 780 A.2d 688, 692 (Pa. Super. 2001) (citation omitted).

Relevance is the threshold for admissibility of evidence. ***Commonwealth v. Cook***, 952 A.2d 594, 612 (Pa. 2008) (citations omitted). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. ***See also Commonwealth v. Drumheller***, 808 A.2d 893, 904 (Pa. 2002). "Evidence that is not relevant is not admissible." Pa.R.E. 402. In addition, "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

In the instant case, Appellant filed a Motion *in Limine* seeking to exclude evidence of the shotgun at trial. Appellant challenged the admission of the shotgun because: (1) the Commonwealth did not charge him with possessing the shotgun; (2) the Commonwealth did not seek a sentencing enhancement based on the shotgun; (3) the shotgun was not relevant to the drug-related charges; and (4) the shotgun was extremely prejudicial. N.T. Trial, 4/7/15, at 8-9.

Agent Sepic opined that the proximity of the shotgun to the narcotics found in the home led him to believe that Appellant possessed the controlled substances recovered from the house not for personal use, but with the intent to deliver or sell. *Id*. at 110, 115.

We conclude that the trial court did not abuse its discretion in finding that the shotgun was relevant and admissible to prove that Appellant possessed the drugs with the intent to deliver. *See Commonwealth v. Watley*, 81 A.3d 108, 114 (Pa. Super. 2013) (observing that the determination of whether a person possesses a drug with intent to deliver is based upon the totality of circumstances, including whether police found firearms and ammunition in close proximity to drugs); *In re R.N.*, 951 A.2d 363, 367 (Pa. Super. 2008) (stating that the presence of a firearm in close proximity to drugs is a relevant factor in establishing PWID).[5] Accordingly, Appellant's evidentiary challenge is without merit.

In his third issue, Appellant argues that the trial court improperly permitted Agent Ronald Sepic to testify as an expert witness at trial. Appellant contends that the Commonwealth: (1) failed to provide adequate notice that Agent Sepic would provide expert testimony at trial, and (2)

---

[5] We note that Appellant failed to explain how the shotgun was unfairly prejudicial. The mere assertion that evidence is prejudicial is insufficient and a misstatement of the standard. *See Commonwealth v. Patterson*, 91 A.3d 55, 75-76 (noting most relevant evidence is prejudicial, and finding that defendant failed to establish cross-examination on rap lyrics was unduly prejudicial); Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 403.09 (2016 ed.).

"failed to provide to the defense the contents of his testimony prior to trial" pursuant to Pa.R.Crim.P. 573. Appellant's Brief at 15.

Rule 573 provides that where a defendant has not requested discovery, the Commonwealth is not required to inform him or her prior to trial that it intends to call an expert as a witness. *See* Pa.R.Crim.P. 573(A); *see also* Pa.R.Crim.P. 573(B)(1). Although Rule 573(B)(2)(b) provides a mechanism whereby the trial court may order a Commonwealth expert to prepare a report and provide such report to the defense, any such order is discretionary, and the defendant is required to move the trial court for such discovery. *See* Pa.R.Crim.P. 573(B)(2)(b).

In general, the admission of expert testimony is a matter left largely to the discretion of the trial court, and we will not reverse its rulings absent an abuse of discretion. *Commonwealth v. Watson*, 945 A.2d 174, 176 (Pa. Super. 2008). "An expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice." *Id*. (citation omitted). Expert testimony is admissible and important in drug cases to establish that the drugs were intended for distribution when other evidence is not conclusive. *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1236-37 (Pa. 2007) (stating that expert testimony "is admissible to aid in determining whether the facts surrounding the possession of controlled substances are consistent with intent to deliver."); *Commonwealth v. Baker*, 72 A.3d 652, 659 (Pa. Super. 2013).

Immediately prior to trial, Appellant's counsel learned that Agent Sepic, rather than Officer Kampert, would testify as an expert. Appellant challenged the admission of Agent Sepic's testimony in a Motion *in Limine* because of lack of notice, and because his expert testimony would be duplicative and prejudicial.

The Commonwealth responded that the reason for the substitution of Agent Sepic for Officer Kampert was that "it's more beneficial to have an expert who's not the affiant in the case [. . .] to elude the perception of any bias that the affiant might have towards his own case." N.T. Trial, 4/7/15, at 13. The trial court denied Appellant's motion because Agent Sepic's expertise was "obvious" based on his assignment on the special drug task force. *Id*. at 14. The trial court concluded Appellant would not suffer prejudice because Officer Kampert would have provided similar expert testimony at trial regarding Appellant's intent.

Because we discern no violation of Rule 573 by the Commonwealth, the trial court did not err or abuse its discretion by refusing to preclude Agent Sepic from testifying as an expert at trial.

Even assuming, *arguendo*, that there had been a Rule 573 violation, such a violation would not automatically entitle Appellant to a new trial. Appellant must also establish "that the introduction of the expert testimony caused him prejudice to the degree that it affected his trial strategy or likely affected the outcome of the proceedings." ***Commonwealth v. Roles***, 116

A.3d 122, 133 (Pa. Super. 2015) (citations omitted). Here, Appellant has shown no prejudice from Agent Sepic's testimony. Beyond his bald allegations of prejudice, Appellant's brief is devoid of any assertion that Agent Sepic's testimony changed or impacted his trial strategy. Nor does he demonstrate, much less argue, that the expert testimony likely affected the outcome of the proceedings. *See id*. Accordingly, Appellant's third claim is without merit.

Based on the foregoing analysis, we affirm the May 13, 2015 Judgment of Sentence.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2016