J-S18036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREMAYNE STYER | : | |
| | : | |
| Appellant | : | No. 932 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 20, 2020
In the Court of Common Pleas of Chester County Criminal Division at No(s):
CP-15-CR-0000318-2019

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 23, 2021**

Appellant, Tremayne Styer, appeals from the judgment of sentence imposed following his convictions of persons not to possess a firearm and firearms not to be carried without a license.[1]  For the reasons set forth below, we affirm Appellant's convictions but vacate his judgment of sentence and remand for resentencing.

On December 5, 2018, a confidential informant working with the Chester County Multijurisdictional Drug Task Force arranged to purchase $80 of crack cocaine from Ahmad Boggs.  The informant and Boggs met in the parking lot of a convenience store in Thorndale, Pennsylvania, and the informant entered the rear seat of a Black Cadillac SUV to complete the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1) and 6106(a)(1), respectively.

purchase. After the informant stepped out of the vehicle, officers converged and ordered the three occupants of the SUV to exit. Appellant exited from the driver's seat of the vehicle, and he was handcuffed by a police officer. While patting Appellant down, the officer discovered a loaded 9 millimeter handgun in Appellant's left jacket pocket.

A preliminary hearing was held on January 23, 2019, and the charges were held over for trial.[2] On August 27, 2019, Appellant filed an omnibus pre-trial motion, in which he sought the suppression of evidence obtained through the search conducted at the time of his arrest. Following a hearing on October 10, 2019, the trial court entered an order denying the motion.

On January 6, 2020, Appellant proceeded to a non-jury trial based upon stipulated facts. The trial court found Appellant guilty of both firearms offenses. On February 20, 2020, the trial court sentenced Appellant to 7½ years to 14 years of imprisonment on the persons not to possess a firearm count and a concurrent term of 3½ to 7 years of imprisonment on the firearms not to be carried without a license count. Appellant filed a timely appeal.[3]

---

[2] Appellant was also initially charged with conspiracy to commit possession of a controlled substance with intent to deliver, 18 Pa.C.S. § 903(a), and possession of drug paraphernalia with intent to deliver, 35 P.S. § 780-113(a)(33), but these charges were withdrawn prior to trial.

[3] Appellant filed his concise statement of errors complained of on appeal on July 7, 2020, and the trial court filed an opinion on December 28, 2020.

Appellant raises two issues on appeal. First, he argues that the trial court erred in denying his suppression motion because the officers did not have any basis to arrest or search him when there was no evidence that he was involved in any illegal conduct. Second, Appellant argues that the sentence imposed as to the persons not to possess a firearm offense was illegal because the minimum sentence exceeded one-half of the maximum sentence.

We first address Appellant's suppression issue. Appellant contends that the record at the suppression hearing revealed that his arrest and subsequent search incident to arrest was not supported by probable cause as he was merely present at the scene of a crime rather than an active participant in a criminal act. Appellant asserts that, while there was justification to ask him to exit the vehicle, the officers on the Chester County Multijurisdictional Drug Task Force were investigating the activities of Boggs and were not aware of any facts connecting Appellant to the distribution of drugs or any other illegal activity. Instead, the officers' observations only revealed that Appellant was the driver of a vehicle from which Boggs sold a controlled substance to the confidential informant. According to Appellant, any conclusion that the officers may have reached that he was aware of the drug sale between Boggs and the confidential informant was speculative and did not rise to the level of probable cause of criminality.

Our standard of review of a trial court's ruling on a suppression motion is "whether the factual findings are supported by the record and whether the

legal conclusions drawn from those facts are correct." **Commonwealth v. Rosario**, 248 A.3d 599, 607 (Pa. Super. 2021) (citation omitted). We are bound by the facts found by the trial court so long as they are supported by the record, and we review its legal conclusions *de novo*. **Id.** at 607-08. The trial court has sole authority to pass on the credibility of witnesses and the weight to be given to their testimony. **Id.** at 608. "Our scope of review is limited to the record developed at the suppression hearing, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defendant." **Commonwealth v. Kane**, 210 A.3d 324, 329 (Pa. Super. 2019) (citation and brackets omitted).

Under the Fourth Amendment, searches and seizures without a warrant are presumptively unreasonable. **Commonwealth v. Wilmer**, 194 A.3d 564, 567 (Pa. 2018). Law enforcement officers generally must have a warrant to arrest an individual in a public place, but they may conduct a warrantless arrest when they have probable cause to believe that a felony has been committed and the person to be arrested is the felon. **Commonwealth v. Martin**, 101 A.3d 706, 721 (Pa. 2014). Once an officer conducts a valid warrantless arrest, he may conduct a search incident to the arrest to remove weapons or potential evidence from the arrestee's person. **Wilmer**, 194 A.3d at 568 n.7; **Commonwealth v. Simonson**, 148 A.3d 792, 799 (Pa. Super. 2016) (noting that the search incident to arrest exception to the warrant requirement applies categorically and no case-by-

case analysis is necessary regarding whether the particular arrestee may be in possession of weapons or evidence).

We employ a totality-of-the-circumstances test when determining whether probable cause exists to support a warrantless arrest. **Martin**, 101 A.3d at 721. "Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed[.]" **Id.** (citation omitted).

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a *probability*, and not a *prima facie* showing, of criminal activity.

**Id.** (citation omitted; emphasis in original). While the location of an individual in relation to a criminal act may be relevant in the probable cause inquiry, mere presence at the scene of a crime is not sufficient to establish probable cause for an arrest. **Commonwealth v. Reece**, 263 A.2d 463, 466 (Pa. 1970); **Commonwealth v. Wilson**, 631 A.2d 1356, 1359 (Pa. Super. 1993).

At the suppression hearing, the parties relied upon the record developed at the January 23, 2019 preliminary hearing. N.T., 10/10/19, at 2. At the preliminary hearing, Officer Brandon Seibert of the Downingtown Borough Police Department testified that on or around November 22, 2018,

he was in contact with a confidential informant who had identified Boggs as a crack cocaine dealer. N.T., 1/23/19, at 10-11. The officers arranged for the informant to make a "controlled buy" of $80 worth of crack cocaine from Boggs in the parking lot of a convenience store in Thorndale. *Id.* at 12-13, 23-24. Boggs arrived at the location in a Black Cadillac SUV registered to Timothy Chaffin, and the informant entered the vehicle to complete the purchase. *Id.* at 13-14. After the purchase, the informant gave the substance he had bought to Officer Seibert, who determined based on his experience that it was consistent with crack cocaine. *Id.* at 14-16. The informant was under constant surveillance throughout the purchase. *Id.* at 26.

On December 5, 2018, Officer Seibert arranged for the confidential informant to make a second controlled buy of $80 worth of crack cocaine from Boggs. *Id.* at 16-17, 28. The second purchase occurred in the parking lot of the same convenience store as the first one. *Id.* at 17, 23-24. Boggs arrived in the same Black Cadillac SUV as he had for the earlier transaction. *Id.* at 18, 28-29. The informant entered into the left rear door of the SUV; Appellant was seated in the driver's seat of the vehicle, Boggs was in the front passenger seat, and Newton was in the rear of the vehicle. *Id.* at 18-19, 37. The informant successfully completed the purchase of drugs from Boggs and exited the vehicle. *Id.* at 19, 30-31. Within seconds of the informant getting out of the SUV, "assisting officers [] move[d] in and t[ook] the vehicle down." *Id.* at 19, 33. The officer who removed Appellant from

the driver's seat of the vehicle searched him and found the handgun in his left front jacket pocket. *Id.* at 19, 35.

In denying the suppression motion, the trial court observed that officers had reason to believe that Appellant was performing an essential role in the drug dealing operation, as the "wheelman" who drove the dealer to the location of the sale. N.T., 10/10/19, at 5-7. The trial court explained that he was "okay with [the arrest and search in] this particular case because you have the driver of a car in a drug deal and [the officers] watched the drug deal go down." *Id.* at 8-9. The trial court concluded that the officers therefore had probable cause to arrest Appellant and search him. *Id.* at 9.

Upon review, we conclude that the trial court's findings that the officers reasonably believed that Appellant had a role in Boggs's drug dealing enterprise are supported by the record. The confidential informant working with police identified Boggs as a dealer of crack cocaine, which was corroborated when the informant purchased a substance from Boggs that appeared to be crack cocaine a few weeks prior. *See Commonwealth v. Gagliardi*, 128 A.3d 790, 795-96 (Pa. Super. 2015) (noting that a confidential informant may be considered a trustworthy source of information where a prior tip has been independently corroborated, such as where the informant previously stated that he could purchase drugs from a particular individual and then consummated a controlled buy from that individual). Officers then set up a second controlled buy in December 2019,

and Boggs arrived in the same Black Cadillac SUV to the same location where the first transaction took place. The officers thus could reasonably believe based on the facts and circumstances within their knowledge that there was a "probability" that Appellant was involved in the delivery of a controlled substance as the "driver" or "wheelman" for the operation. N.T., 10/10/19, at 6, 8; *Martin*, 101 A.3d at 721 (emphasis omitted).[4]

Moreover, we reject Appellant's contention that the officers lacked probable cause based on his "mere presence" at the scene where they had no foreknowledge of his involvement in criminality. *Reece*, 263 A.2d at 466. Appellant was not merely present at the scene, but rather he drove a known drug dealer to the location of a pre-arranged sale of a controlled substance. Appellant also remained in the vehicle while the drug transaction took place. This matter is thus distinguishable from cases where the courts of this Commonwealth have found that police lacked probable cause to effectuate an arrest or search over people they merely encountered in the

_____

[4] Appellant's challenge to the denial of suppression motion does not rest on the fact that his arresting officer did not testify at the preliminary hearing. However, we observe that the facts and circumstances known to Officer Seibert may be imputed to the arresting officer as the record is clear that the officers were working together as a coordinated team for the purposes of this investigation. *See Commonwealth v. Yong*, 177 A.3d 876, 888-90 (Pa. 2018) (holding that when officers are working closely as a team, and one of them has probable cause to arrest an individual, that knowledge can be imputed to the officer who makes the arrest even without evidence that the information was actually conveyed).

vicinity of criminal activity. *Cf. Reece*, 263 A.2d at 465-66 (holding that police lacked probable cause to arrest and search individual who showed up at an apartment where a "pot party" was expected to occur); *Wilson*, 631 A.2d at 1359 (holding that officers executing search warrant at drug house lacked probable cause to arrest and search the defendant based upon his mere presence in the house and his flight from the officers). Accordingly, we conclude that the trial court properly denied the suppression motion.

Next, Appellant argues that his sentence on the persons not to possess a firearm count was illegal under the Sentencing Code because the minimum of 7½ years was greater than one half of the maximum imposed of 14 years. A claim that a sentence is illegal presents a pure question of law as to which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Derrickson*, 242 A.3d 667, 673 (Pa. Super. 2020). Section 9756(b)(1) of the Sentencing Code provides that the sentencing court "shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S. § 9756(b)(1). This provision of the Sentencing Code is mandatory, and any sentence in derogation of this provision is illegal unless specifically authorized by statute. *Commonwealth v. Postie*, 110 A.3d 1034, 1044 (Pa. Super. 2015); *Commonwealth v. Van Fossen*, 749 A.2d 510, 510 (Pa. Super. 2000).

In the instant matter, the trial court imposed a minimum sentence of 7½ years on the persons not to possess a firearm count, which was greater

than half of the maximum sentence of 14 years. No justification was offered for the illegal sentence, and indeed the trial court acknowledged its error and requested that this Court remand this matter for resentencing. Trial Court Opinion, 12/28/20, at 4. Therefore, we agree with Appellant that his sentence for persons not to possess a firearm was illegal. *See* 42 Pa.C.S. § 9756(b)(1).

Accordingly, we affirm Appellant's convictions but vacate the February 20, 2020 judgment of sentence and remand this matter to the trial court for resentencing. *See Commonwealth v. Bartrug*, 732 A.2d 1287, 1289 (Pa. Super. 1999) (holding that if a trial court errs in sentencing on one count in a multi-count case, then all sentences for all counts must be vacated).

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2021

- 10 -